Unauna v. Kaapokalani.

## SUPREME COURT—IN BANCO.

## SPECIAL TERM—NOVEMBER, 1881.

*Judd C. J., Mc Cully and Austin J.J.*

UNAUNA *vs.* KAAPOKALANI.

ON EXCEPTIONS.

A JUSTICE OF THIS COURT had tried the case in the Intermediary Court and had rendered a judgment which was appealed to a jury presided over by the same Justice;

HELD, that Section 820 of the Civil Code and Article 72 of the Constitution, that "No Judge or Magistrate can sit alone on an appeal or new trial in any case on which he may have given a previous judgment," do not apply to such a case, and such Justice is not disqualified to preside alone over the jury which retries the facts. The object of these provisions is to secure a new tribunal on appeal and to prevent the same Judge in different capacities from retrying the same case on the facts.

Opinion of the Court by JUDD, J.

This is an action of trespass for taking fruit from certain orange trees at Waimea, Oahu, tried originally by the District Justice of Koolauloa, 5th May, 1881, who gave judgment for plaintiff for $20 damages.

The case was appealed to the Intermediary Court of Oahu, which was held by Mr. Justice Judd, May 26th, and gave judgment for the defendant.

It was further appealed to the Supreme Court, and on the 12th July, Mr. Justice Judd presiding, the case was presented to a jury empanelled to try the cause, which rendered a verdict for plaintiff with $1 damages. The defendant moves for a new trial on the ground that the Justice who presided at said trial had previously given a judgment in the case and was

therefore disqualified to preside at the trial before the jury.

Defendant's counsel relies on the latter part of Section 820 of the Civil Code which reads : "Neither shall any Judge sit alone on an appeal, or new trial, in any case in which he may have given a previous judgment;" and also upon the 72nd Article of the Constitution, "No Judge or Magistrate can sit alone on an appeal or new trial in any case on which he may have given a previous judgment."

The object of this article of the Constitution and the section of the Code is to secure a new tribunal for parties in case they appeal, and it is evident that they would not have such a tribunal if a Judge who heard the case upon the law and facts should, on the appeal in another Court, present himself as alone constituting the Appellate Court or on a new trial being granted, having once tried the case, he should assume to retry it alone.

The case before us had been tried before the Intermediary Court which is a single Justice of the Supreme Court, and the appeal brought the case to be tried again on the facts before a jury of twelve men, under the direction of a Justice of the Supreme Court who happened to be the same one who sat in Intermediary Court. It cannot be said that in such case the Justice presiding sits "alone." The jury sit on the case and it determines the facts of the case, under the instructions of the Judge in relation to the law involved.

It cannot well be claimed that a party who appeals generally on the facts of his case is entitled to say in the trial Court that the jury should be presided over, and the law to be applied laid down by a Justice who has not given an opinion in the lower Court as to the facts of the case. For if the appealing party is aggrieved by the Judge's findings of fact he is to have a new trial on the facts by the jury, and if he is aggrieved by the findings of law, he may appeal to the Supreme Court in Banco, either directly on the law or through the channel of a jury trial and exceptions to the directions of the Judge. So

far as the policy is concerned of having a different Judge sit with a jury on a case appealed from the Intermediary Court, it would not be decisive to obtain the opinion of one Judge on the law of a case while sitting as Intermediary Court, and then, on appeal to obtain the opinion of another Judge while presiding over the jury in the Supreme Court. The more satisfactory course would be, if the law, as laid down by the Intermediary Court was thought to be erroneous, to appeal directly on the point to the Supreme Court in Banco.

The above statutes are also intended to prevent the sitting of the same person alone as a Circuit Judge on the appeal of a case from himself as Police or District Judge, in case he had been promoted to be Circuit Judge, while the appeal was pending ; so also, if a Circuit Judge had been elevated to the Supreme Bench, he would be disqualified from sitting alone on cases which he had previously tried.

The same Judge could not sit alone in a jury waived case which had been appealed from him as Intermediary Court.

We are of opinion that the circumstances of the case before us are not those contemplated and forbidden by the Constitution and the statute referred to.

New trial refused.

R. F. Bickerton for plaintiff.

Castle & Hatch for defendant.

Honolulu, November 26, 1881.