*W. A. Kinney*, for petitioner.

*C. W. Ashford*, for respondent.

---

IN THE MATTER OF THE ESTATE OF J. F. O. BANNING, Deceased Testate.

APPEAL OF B. R. BANNING.

HEARING, DECEMBER 29, 1893.     DECISION, JANUARY 3, 1894.

JUDD, C.J., BICKERTON, J.

Where the testimony of a Judge given in a case becomes the subject matter of review on appeal, he should not sit in the Appellate Court.

A Circuit Judge who made an order in a case and thereafter was ap-

pointed a Justice of the Supreme Bench, is not thereby disqualified to hear the case on appeal. A Circuit Judge to be disqualified from sitting as the third member of the Supreme Court (one of its members being disqualified), must have previously decided the exact case or issue appealed from.

The word " cause " in Section 56 of the Act to Reorganize the Judiciary Department does not mean the estate in probate from which the question comes.

## OPINION OF THE COURT, BY JUDD, C.J.

On the 29th December last, when this appeal was brought on for hearing, objection was made by appellant's counsel to Mr. Justice Frear's sitting, on the ground that he would, on this appeal, have to pass upon the effect of his own evidence before Judge Cooper of the Circuit Court, as to the understanding of the appellant of the securities alleged to have been accepted by him in the distribution of the property of the estate of J. F. O. Banning. On this ground we held that Mr. Justice Frear was disqualified to hear this case. Other grounds of objection were made, first, that Judge Frear had granted the order while Circuit Court, discharging Mr. W. F. Allen, administrator of the estate in question, under a misapprehension of the true meaning and intent of the will of said J. F. O. Banning. We did not consider Judge Frear disqualified on this ground. He had heard the case as a Circuit Judge, but the Act to Reorganize the Judiciary Department does not contain any provision making this fact a disqualification. Nor does the fact that appeals and exceptions from decisions and rulings rendered by a Justice of the Supreme Court before the Act went into effect, and while he had *nisi prius* jurisdiction, are brought up for hearing before the Supreme Bench, disqualify the Justice whose decision is appealed from, and prevent him from sitting. From necessity during the transition of this Court from one whose members held *nisi prius* jurisdiction to a Court of purely appellate jurisdiction there must be some cases where one of the members of the Appellate Court had heard and decided the case in the first instance. And

although this may be within the spirit of the Act, it is not within its letter, and there is no provision disqualifying a Justice under such circumstances.

Mr. Justice Frear being held to be disqualified, Judge Whiting of the Circuit Court, First Circuit, was asked on the 3d January, 1894, to sit in the case. On Judge Whiting's suggesting on taking the bench that he was disqualified by reason of having "had connection with this cause," a preliminary question arose as to what tribunal should decide upon the competency of one of its members, and we held that the remaining members of the Court is the only Court competent to decide whether the third member is disqualified or not.

An Act to Reorganize the Judiciary Department, Section 56, provides that in the event of the disqualification of a Justice of the Supreme Court on the grounds given, "his place for the trial and determination of said cause shall be filled by one of the Circuit Judges *who has had no connection with the said cause,* either as counsel or in his official capacity, or by any competent and disinterested member of the Bar of the Supreme Court thereunto authorized by the written request of the remaining Justices."

We hold that the "connection with the cause" by the Circuit Judge in his official capacity referred to, means that to disqualify him he must have passed upon the issue or issues of law or fact which are raised by the appeal. That having ruled upon collateral matters not involved in the appeal would not disqualify him. For instance, if the Circuit Judge had admitted a certain will to probate and the decision appealed from was the allowance of the executor's accounts by another Circuit Judge, he would not be disqualified. The estate in probate is not the "cause." The "cause" meant in the statute is the exact case or issue brought to the Supreme Court by the appeal. But it appears that Judge Whiting had as Circuit Judge presiding at the August Term, 1893, of the Circuit Court, declined to allow this appeal to be tried by a jury, on the ground, among

others, that the decision appealed from was not final. This is the very question now brought to this Court for decision. and, accordingly, we find Judge Whiting disqualified.

*A. S. Hartwell* and *W. A. Kinney*, for appellant.

*F. M. Hatch*, for respondent.