# CASES DECIDED

BY THE

# SUPREME COURT

OF THE

## TERRITORY OF HAWAII.

---

IN THE MATTER OF THE APPLICATION OF HARVEY R. HITCHCOCK, LAWRENCE H. DEE, HARRY L. EVANS, CHARLES J. FISHEL, ON BEHALF OF THEMSELVES AND ALL OTHER STOCKHOLDERS IN THE KAMALO SUGAR COMPANY, LIMITED, FOR A WRIT OF MANDAMUS AGAINST HONORABLE A. S. HUMPHREYS, FIRST JUDGE OF THE CIRCUIT COURT OF THE FIRST CIRCUIT.

ORIGINAL.

SUBMITTED JANUARY 9, 1902.        DECIDED JANUARY 13, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

An order of this court remanding an equity cause to a Judge of the Circuit Court with direction to receive evidence on an issue raised

1–D

by amended pleadings filed after the close of the original hearing before said Judge, and in support of which evidence was offered and rejected, does not direct a "new trial" and is not within the inhibition of Sec. 84 of the Organic Act disqualifying a Judge from sitting "on an appeal, or new trial, in any case, in which he may have given a previous judgment."

### OPINION OF THE COURT BY GALBRAITH, J.

A petition and application was presented to this court for a peremptory writ of mandamus against the First Judge of the First Circuit Court commanding him to proceed with the hearing of a certain suit in equity remanded to him for further proceedings by order of this court. An order to show cause was issued returnable the first day of the present session. The respondent appeared and interposed a demurrer alleging that the petition does not state a cause of action.

It is alleged in the petition that the petitioners are the plaintiffs in a suit heard by the said First Judge of the First Circuit Court; that from the decree rendered therein an appeal was perfected to this court and a decision rendered November 8, 1901, (13 Haw. pp. 641 to 654) wherein the decree appealed from was reversed and said cause was remanded to "the Judge of the Circuit Court of the First Circuit with instructions to receive such evidence as may be offered under the amendments to the pleadings and for such further proceedings consistent with the foregoing views as may be proper;" that the respondent set said cause for hearing in pursuance of the direction of said mandate; that on the day set for the hearing the respondent suggested his disqualification and want of jurisdiction to hear said cause and after argument decided against his jurisdiction and declined to proceed; that there is no other Judge of the First Circuit Court now in said circuit except the respondent; that his refusal to proceed with the hearing is a denial of a clear, legal and existing right and one that cannot be enforced in any other manner than that sought in this proceeding.

The respondent, it appears, declined and refused to act in the premises on two grounds: (1) that it was not clear that this court intended to remand the cause to the First Judge of the First Circuit Court; (2) that under the provisions of Sec. 84 of the Organic Act of the Territory he was disqualified and had no power to proceed.

It is an answer to the first objection to state that there is no doubt in the mind of the members of this court as to the intention of the mandate and that said cause was remanded to the respondent for further hearing. This intention clearly appears from the opinions filed in the cause and the ground on which the ruling of the court was based. The fact that the attorneys for the defendants in the equity suit did not raise the objection to respondent proceeding to hear the cause is a strong inference that they understood the real intention of the court in remanding the cause.

The provision of the Organic Act that is claimed to disqualify the respondent reads: "No judge shall sit on an appeal, or new trial, in any case, in which he may have given a previous judgment."

It is contended that the mandate directs a new trial of the cause and that the respondent having rendered a previous judgment, i. e., the one appealed from in that cause, he has no power to proceed as directed in the mandate. The language of the Organic Act is plain, unambiguous and mandatory. No judge can sit on a new trial of any case wherein he has rendered a previous judgment. If the mandate directs a *new trial* then the contention of the respondent is correct and he is without jurisdiction and cannot proceed.

It is contended for the petitioners that the mandate does not require or contemplate a new trial but only directs the completion and perfection of the trial had at the former hearing—the hearing of evidence on new issues raised by the amended pleadings and not a rehearing of the issues on which evidence was received; that the decree appealed from was not heard on its merits; that it was reversed on a motion based on the ground

that the trial had not been complete and that the term "new trial" in the legal and technical use of the term is never applied to equity cases and that for this reason the disqualification of the Organic Act does not apply to this case.

A trial is definded as "the examination before a competent tribunal, according to the laws of the land, of the facts put in issue in a cause, for the purpose of determining such issue."—*Bouvier's L. D.* A new trial is "a re-examination of an issue in fact before a court and a jury, which has been tried at least once before the same court."—*Bouvier's L. D.*

A reading of the opinions referred to will show that the cause was remanded not "to retry" an issue or issues that had been tried by the respondent but to try an issue that he had refused to try; that a retrial of the entire cause was not contemplated nor expected by either the court or counsel employed in the cause and that a trial—the examination—of a fact or facts put in issue by the amended pleadings was all that the mandate directs. The fact that the decree appealed from was reversed and another decree must be rendered at the conclusion of the hearing does not militate against this purpose of the court for the reason that it was necessary to reverse the decree in order that the cause might be reopened for a further hearing on the new issue raised by the amended pleading filed and allowed after the hearing had concluded. Another decree, either in the same form or in different form and substance covering all of the issues tried will be necessary at the close of the hearing directed.

We conclude that a *new trial* was not ordered or contemplated and that the respondent is not disqualified under Sec. 84 of the Organic Act from hearing the cause as directed by the mandate.

We do not deem it necessary in this cause to pass upon the question raised and discussed at the hearing as to whether or not the phrase "new trial" is at any time applicable to causes in equity.

Let the demurrer be overruled and the writ issue as prayed in the petition.

*G. A. Davis, J. A. Magoon, T. McCants Stewart* and *F. M. Hatch* for petitioners.

*Kinney, Ballou & McClanahan, Robertson & Wilder* and *F. W. Hankey* for respondent.