IN THE MATTER OF THE APPLICATION OF JOHN D. SPRECKELS AND ADOLPH B. SPRECKELS, PARTNERS UNDER THE NAME OF JOHN D. SPRECKELS BROTHERS, FOR A WRIT OF MANDAMUS AGAINST THE HONORABLE JOHN T. DE BOLT, FIRST JUDGE OF THE FIRST CIRCUIT.

ORIGINAL.

ARGUED JANUARY 7, 1905.          DECIDED MARCH 6, 1905.

FREAR, C.J., HARTWELL, J., AND CIRCUIT JUDGE ROBINSON IN PLACE OF HATCH, J.

JUDGE DISQUALIFIED—*from sitting on new trial by reason of having given previous judgment, may sit on motion for change of venue.*

Section 84 of the Organic Act, which provides that "no judge shall sit on an appeal, or new trial, in any case, in which he may have given a previous judgment," does not prevent a circuit judge who had ordered a nonsuit, which was set aside by the supreme court, from entertaining a motion for a change of venue based on the ground that an impartial jury cannot be obtained in the circuit in which the action is spending.

MANDAMUS—*requiring judge of circuit to which venue has been changed to hear case.*

Mandamus lies to compel a judge of a circuit to which the venue has been changed to hear the case, after such judge has declined to hear it upon the erroneous view that the judge of the

circuit in which the action originated was disqualified, by reason of having given a previous judgment in the case, from ordering a change of venue to another circuit the judge of which had ordered a further change of venue to the circuit in question.

### OPINION OF THE COURT BY FREAR, C.J.

This is an application for a writ of mandamus to compel the first judge of the circuit court of the first circuit to try an action of ejectment brought originally in the fourth circuit by Charles A. Brown against the petitioners herein and certain others. At the second trial in the fourth circuit, the first trial having resulted in a disagreement of the jury, a nonsuit was ordered—which was set aside upon exceptions to the supreme court. Afterwards, upon petitioner's motion, supported by affidavits alleging the impossibility of securing a fair trial in that circuit, the judge of that circuit ordered a change of venue to the third circuit. In the third circuit, after a mistrial resulting from a disagreement of the jury, a change of venue to the first circuit was ordered in accordance with a stipulation of the parties. In the first circuit, after a mistrial before the second judge resulting from a disagreement of the jury, the case was assigned to the first judge, who, when the case was called in its order, refused to proceed with the trial or set the case for hearing on the ground, then presented for the first time by the plaintiff in said action, that the judge of the fourth circuit was disqualified from ordering a change of venue by reason of having given the judgment of nonsuit in the case and that therefore the said order was void and that all subsequent proceedings in the third and first circuits were likewise void.

If the judge of the fourth circuit was disqualified, it was solely because of the provision in section 84 of the Organic Act that "no judge shall sit on an appeal, or new trial, in any case, in which he may have given a previous judgment." If this provision applies at all in this instance, doubtless the order of the fourth circuit judge changing the venue was absolutely void and not merely voidable. Although at common law an

order of a disqualified judge was only voidable, the great weight of authority under constitutional and statutory provisions is to the effect that such an order is void. This is on the ground that the due administration of justice is a matter of public interest and not merely a matter of interest to the parties engaged in the particular case. Whether the order changing the venue from the third circuit to the first circuit by a pudge who was not disqualified and in accordance with a stipulation of the parties was also absolutely void, and whether the parties would be estopped under the circumstances from setting up that it was void, need not be decided. The fact that the third judge of the first circuit was present in the fourth circuit to hear cases generally, whether in the circuit court or before the circuit judge at chambers, in which the judge of the fourth circuit was disqualified at the time when the latter ordered the change of venue to the third circuit, would not deprive the judge of the fourth circuit of jurisdiction to make such order if he was qualified to make it in the absence of such substitute judge.

In our opinion the judge of the fourth circuit was not disqualified to make the order now complained of for the reason that the provision of the Organic Act above quoted does not apply in this instance. That provision is not like the other provisions set forth in the same section of the Organic Act disqualifying a judge from sitting in a case at all by reason of relationship or interest. It is confined to sitting "on an appeal or new trial" in a case in which the judge has given a previous judgment. Sitting on a motion for a change of venue is not sitting on an appeal or new trial. Doubtless this provision should be construed liberally with a view to carrying out its spirit, and yet its spirit as well as its letter would not, as it seems to us, prevent a judge who had sat at a trial in a case from afterwards sitting on a motion for a change of venue based on the ground that a fair jury could not be obtained for the trial of the case in the circuit in which it was pending. Even when the disqualification arises from relationship or interest it does not extend to merely formal or non-

judicial acts or preliminary matters tending to prepare the case for trial.  Whether a change of venue is such a preliminary matter may be a question.  In several cases the view seems to have been taken, with or without the aid of statute, that a change of venue may be ordered by a judge disqualified to try the case. See*Cock v. State,* 8 Tex. App. 659, 666; *Estate of White,* 37 Cal. 190; *Richardson v. Boston,* 1 Curt. (U. S.) 250.  But, however that may be, the provision now is question is an artificial provision extending not to all matters in the litigation or in the case but only to appeals and new trials, and cannot be given the same broad effect that might be given to a provision in regard to the natural disqualifications of relationship and interest applicable to the entire cause.  In the absence of special constitutional or statutory provision to the contrary it is not unusual for judges to sit on appeals and new trials in cases in which they have given previous judgments.  Not only is it true that a motion for a change of venue is not an appeal or new trial but no question raised on the motion in this instance had previously been passed upon by the judge who heard the motion.

That the provision in question does not apply in the present case would seem to appear not only from the language of the provision itself but also from the decisions in this jurisdiction and other jurisdictions under the same or somewhat similar provisions.  The original provision in this jurisdiction, so far as we are aware, is Article 92 of the Constitution of 1852, which reads: "No judge or magistrate can sit alone on an appeal or new trial, in any case on which he may have given a previous judgment."  This appears again as Article 72 of the Constitution of 1864, and, with the change from "can" to "shall," as Article 72 of the Constitution of 1887, and, with the further change from "on" to "in" before "which" and the omission of the word "alone," as Article 88 of the Constitution of 1894.  A portion of section 820 of the Civil Code of 1859 read: "Neither shall any judge sit alone on an appeal, or new trial, in any case in which he may have given a previous judg-

ment." Under the former provisions, in which the inhibition was against sitting "alone," it was held that a member of the supreme court could sit with the other members on exceptions or appeals taken from rulings made by himself: The *King v. Paakaula*, 3 Haw. 30; *Estate of Banning*, 9 Haw. 354; or sit alone with a jury on an appeal from a decision rendered by himself at chambers: *Unauna v. Kaapokalani*, 4 Haw. 431; although he could not sit alone, jury waived, on such an appeal: *Hing Yee v. Chung Wa*, 6 Haw. 304. Under the present provision it has been held that a circuit judge may sit on a petition for the revocation of the probate of a will previously admitted to probate by himself: *Estate of Opae*, 10 Haw. 188; or preside over a jury on the second trial of a case where on the first trial there was a disagreement of the jury: *Boyd v. Gandall*, 11 Haw. 322; or sit in an equity case remanded to him for taking evidence on an issue raised by an amendment to the pleadings made after the close of the original hearing: *Hitchcock v. Judge*, 14 Haw. 3; also that a justice of the supreme court may sit on an appeal in a habeas corpus case brought to obtain the release of a prisoner held under a sentence pronounced by such justice when a circuit judge:*Ex parte Mankichi*, 13 Haw. 570; or in a case with which he has had no previous connection, although a question of law is involved which was involved in certain other cases at the trial of which he had presided when a circuit judge: *Ex parte Ah Oi*, 13 Haw. 534. Under a statutory provision that in the event of the disqualification of a justice of the supreme court his place should be filled by a circuit judge "who has had no connection with the said cause" it was held that the "cause" was the exact case or issue brought to the court by the appeal and that a circuit judge would not be disqualified from sitting on the appeal even though he had passed upon issues in the general cause which were not involved in the appeal: *Estate of Banning, supra*. The provision now under consideration in the Organic Act was copied from the corresponding provision of the Con-

stitution of 1894, as is the case with many other provisions of the Organic Act.

In *Smith v. Wingard,* 3 Wash Ter. 260, under a provision in the Organic Act of the Territory that "no justice shall act as a member of the supreme court in any action or proceeding brought to such court by a writ of error, bill of exceptions, or appeal, from any decision, judgment or decree rendered by him as judge of the district court," it was held that a justice was not disqualified by reason of having made interlocutory orders or decisions in the court below, and that in order to disqualify him the order or decision below must have been the final one from which the appeal, bill of exceptions or writ or error was taken.   In *Case v. Hoffman,* 100 Wis. 314, 352, where the provision was that "no judge of an appellate court   .   .   .   . shall decide or take part in the decision of any cause or matter which shall have been determined by him, while sitting as a judge of any other court, unless there shall not be a quorum without him," the judge in question had in the court below sustained a general demurrer to the complaint, and it was held that he was disqualified on the appeal because one of the questions raised on the appeal was the same as one of those passed on by the judge below, the court being divided as to whether a certain other question also was substantially the same as one that had been passed on by the judge below.   In *Phillips v. Germania Bank,* 107 N. Y. 630, under a provision that "no judge or justice shall sit at a general term of any court or in a court of appeals in review of a decision made by him or of any court of which he was at the time a sitting member," it was held that on an appeal from an order made by one judge setting aside an order made by another judge, the judge who made the latter order was not disqualified, because the appeal was not from his order but from the order of the other judge.   In *Van Arsdale v. King,* 152 N. Y. 69, under the same provision, the judge was held disqualified because it appeared that he was sitting in review of an order made by himself.   In *American Construction Company v. Jacksonville Railway,* 148 U. S. 372, under

a provision that "no justice or judge, before whom a cause or question may have been tried or heard" in the circuit court "shall sit on the trial or hearing of such cause or question in the circuit court of appeals," the question was whether a judge was prohibited from sitting on an appeal which was not from his own order but from an order setting aside his order, and the court, remarking that the question was a novel and important one, granted a rule to show cause why a writ of certiorari should not issue and left the question to be determined on further argument upon the return to the rule to show cause. In *Moran v. Dillingham,* 174 U. S. 153, the court used the following language with reference to this provision:

"The enactment, alike by its language and by its purpose, is not restricted to the case of a judge's sitting on a direct appeal from his own decree upon a whole cause, or upon a single question. A judge who has sat at the hearing below of a whole cause at any stage thereof is undoubtedly disqualified to sit in the circuit court of appeals at the hearing of the whole cause at the same or at any later stage. And, as 'a cause,' in its usual and natural meaning, includes all questions that have arisen or may arise in it, there is strong reason for holding that a judge who has once heard the cause, either upon the law or upon the facts, in the court of first instance, is thenceforth disqualified to take part, in the circuit court of appeals, at the hearing and decision of the cause or of any question arising therein. But, however that may be, a judge who has once heard the cause upon its merits in the court of first instance is certainly disqualified from sitting in the circuit court of appeals on the hearing and decision of any question, in the same cause, which involves in any degree matter upon which he had occasion to pass in the lower court."

In that case the court, it is apparent, took a broad view of the scope of the provision but, although the provision was broader in some respects than the provision now in question, it said nothing that would indicate that under a provision like that now in question a judge would be disqualified under the circumstances of this case. The language of the provision would

require undue-stretching to make sitting on an appeal or new trial cover sitting on a motion for a change of venue.

The temporary writ may be made absolute.

*Ballou & Marx* and *R. B. Anderson* for petitioners.

*J. A. Magoon* and *J. Lightfoot* for respondent.