## W. R. KALAEOKEKOI *v.* WAILUKU SUGAR CO.

RESERVED QUESTION FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED FEBRUARY 26, 1909.                    DECIDED MARCH 19, 1909.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

EJECTMENT—*venue may be changed.*

> In an action of ejectment the venue may be changed. R. L. Secs. 1647, 1649.

OPINION OF THE COURT BY WILDER, J.

(Ballou, J., dissenting.)

This is a reserved question from the first circuit court to determine whether that court has jurisdiction to try and determine an action of ejectment for land situated in the second circuit which was instituted in that circuit and with the consent of both parties transferred to the first circuit court.

The statutes involved are as follows:

"The several circuit courts shall have jurisdiction * * * as follows: * *. *

"First. Of all criminal offenses cognizable under the laws of the Territory, committed within their respective circuits or transferred to them for trial by change of venue from some other circuit court;

"Second. Of all suits for penalties and forfeitures incurred under the laws of the Territory;

"Third. Of all causes, civil or criminal, that may properly come before them on appeal from any other court according to law;

"Fourth. Of all civil causes at law, except as otherwise expressly provided;

"Fifth. Any circuit court may, upon satisfactory proof that a fair and impartial trial cannot be had in any case pending in such court, and after the parties thereto shall have had opportunity to be heard, change the venue to some other circuit court and order the record to be transferred thereto; provided, however, that any circuit court may, in its discretion, upon the consent of all the parties to any civil cause pending in such court, change the venue to some other circuit court and order the record to be transferred thereto." R. L. Sec. 1647.

"The judges of the several circuit courts shall have power at chambers within their respective jurisdictions, but subject to appeal to the circuit and supreme courts, according to law, as follows:

"First. To hear and determine all matters in equity;

"Second. To hear and determine all matters of divorce, separation and annulment of marriage;

"Third. To grant probate of wills, to appoint administrators and guardians, and to compel executors, administrators and guardians to perform their respective trusts and to account in all respects for the discharge of their official duties; to remove any executor, administrator or guardian; to determine the heirs at law of deceased persons and to decree the distribution of intestate estates;

"Fourth. To admeasure dower and partition real estate; when the dower in real estate cannot be set apart without great injury to the owners, the judge may ascertain the value of such dower in money, and order the same to be paid on such terms as shall be just and reasonable; when the partition of real estate cannot be made without great prejudice to the parties, the judge may order a sale of the premises and divide the proceeds;

"Fifth. To legalize the adoption of children and to decree the affiliation of bastards;

"Sixth. To select and impanel, subject to challenge for cause, by either party, a special jury of inquiry of idiocy, lunacy, or de ventre inspiciendo, or in any other matter to be tried before-

any of the said judges at chambers, and they shall receive and act upon the verdict of such jury as equity and good conscience require;

"Seventh. To issue writs of habeas corpus according to law;

"Eighth. To issue writs of error, certiorari, mandamus, ne exeat, prohibition and quo warranto, and all other writs and processes according to law, to courts of inferior jurisdiction, to corporations and individuals, that shall be necessary to the furtherance of justice and the regular execution of the law;

"Ninth. To enlarge on bail persons rightfully confined in all bailable cases;

"Tenth. To require either the plaintiff or defendant, upon the application of the opposite party, to give security for costs in any civil cause, upon such terms and conditions as the judge shall deem just;

"Eleventh. To issue warrants for the apprehension, in any part of the Territory, of any person accused under oath of a crime or misdemeanor committed in any part of the Territory and to examine and commit such person to prison according to law, for trial before the circuit court of the circuit in which the offense was committed, to fix bail and generally to perform the duties of a committing magistrate." R. L. Sec. 1648.

"Provided, however, that the power and jurisdiction of circuit courts and circuit judges in chambers relating to causes of a civil nature as hereinbefore defined, shall be limited as follows:

"First. Causes described in the second division of section 1647 shall be triable only in the circuit where it is alleged the penalty or forfeiture was incurred;

"Second. Actions of ejectment, actions to quiet title in real property and actions of trespass quare clausum fregit shall be triable only in the circuit in which the real property in question is situated;

"Third. Causes of divorce, separation, and nullity of marriage, shall be triable only in the circuit where the parties last lived together as man and wife, or, if they have not last so lived together in this Territory, in the circuit in which the applicant resides;

"Fourth. Proceedings for the probate of wills, for the appointment of administrators and trustees of the estates of deceased persons, for the admeasurement of dower and for all matters relating to the administration and settlement of estates

of deceased persons, shall be brought only in the circuit where the deceased had his last domicile. Provided, that if the deceased was last domiciled without this Territory, the proceedings may be brought in any circuit in which there is estate to be administered;

"Fifth. Proceedings for the appointment of guardians and for all matters concerning the relation of guardian and ward, shall be brought in the circuit in which the person or a majority of such persons are domiciled, in whose behalf such proceedings are begun. Provided, that if such person is domiciled without the Territory, or a majority of such persons are so domiciled, the proceedings may be brought in any circuit in which there is estate of such person or persons;

"Sixth. Proceedings for the partition of real estate shall be brought only in the circuit where the real estate, partition of which is prayed for, is situated. Provided, that if such real estate lies in more than one circuit the proceedings may be had in any circuit court in which the same or any part thereof is situated;

"Seventh. Proceedings for legalizing the adoption of children and decreeing the affiliation of bastards, shall be brought in the circuit in which the parents, or either of them, of the children in question reside. Provided, that if, in case of adoption, such parents are deceased or if neither of them resides within the Territory the proceedings may be brought in the circuit in which the adopting parent or parents reside;

"Eighth. The power of issuing writs of error and other writs specifically named in the eighth subdivision of section 1648 shall be in the judge of the circuit in which the alleged occasion for relief by any such writ shall arise. Provided, however, that in case any such writ shall be necessary in the prosecution or furtherance of any cause or proceeding already begun or pending before any circuit court or judge, the power of issuing such writ shall be in the court or judge before whom such case or proceeding has been begun or is pending, even though the alleged occasion for relief shall have arisen in another circuit." R. L. Sec. 1649.

Sec. 1647 was originally a part of the judiciary act of 1892 and the second subdivision of Sec. 1649 was enacted in 1898

with another clause in regard to torts, which last clause was dropped out in 1903.

It may be observed in the first place that so far as this question is concerned there seems to be no difference whether the action is transferred with the consent of both parties or because a fair and impartial trial cannot be had in the circuit where the action was instituted.

That the second subdivision of Sec. 1649 is a limitation is clear. The question is whether, as contended by plaintiff, it is a limitation on subdivision five of Sec. 1647. It certainly does not limit the second subdivision of Sec. 1647, referring to suits for penalties and forfeitures, as that matter is specifically referred to in Sec. 1649. Likewise it does not limit the first subdivision of Sec. 1647, which refers to criminal offenses, or the third subdivision, which refers to cases coming to the circuit court on appeal, as ejectment is neither a criminal offense nor is it brought to a circuit court on appeal. It undoubtedly limits the provisions of the fourth subdivision. It does not expressly refer to subdivision five in regard to change of venue, and it cannot be held that it impliedly limits the power there contained when the whole of the section is considered. As we construe the two sections together their meaning is that circuit courts have jurisdiction of all civil causes at law provided that actions of ejectment shall be triable only in the circuit in which the property is situated, leaving in full force the power to change the venue in such cases. Sec. 1649 contains eight subdivisions, each of which expressly refers to and limits the power conferred by some particular subdivision in the two preceding sections. The effect is the same as if each subdivision of Sec. 1649 was annexed to the one to which it refers in the preceding two sections. Moreover, the court should be slow in adopting a construction which would eliminate the salutary provision for a change of venue in certain jury cases when there is another reasonable construction without that sequence.

Reference is made to *Kapiolani Estate v. Territory*, 18 Haw. 460, 461, as implying that venue cannot be changed in ejectment cases. The language used there was, "Assuming but not deciding that an action to quiet title in real property is triable only in the circuit in which the real property in question is situated and that the venue of such an action cannot be changed it does not follow that the venue of this action (one to establish a fishing right) cannot be changed." The opinion in that case shows that the assumption was for purposes of argument only, and that no such implication as claimed was intended.

A good deal was said by both sides as to the established practice in regard to changing venue in ejectment cases. We cannot say that any definite practice has been established one way or the other, although so far as this court is concerned the reports show at least three opinions where it must have been assumed that venue could be changed in ejectment cases. *Spreckels v. De Bolt*, 16 Haw. 476; *Spreckels v. Brown*, 18 Haw. 91; *Kalaeokekoi v. Wailuku Sugar Co.* 18 Haw. 380.

The reserved question is answered in the affirmative.

*C. W. Ashford* for plaintiff.

*R. B. Anderson* (*Kinney, Marx, Prosser & Anderson* on the brief) for defendant.

### CONCURRING OPINION OF HARTWELL, C. J.

Concurring in the decision of the court I will state why I regard the statute as allowing the circuit court to change the venue.

By Sec. 1647 R. L. circuit courts have jurisdiction (1) of all criminal offenses committed within their circuits or transferred to them for trial from some other circuit; (2) of all suits for penalties and forfeitures; (3) of all causes, civil or criminal, appealed from any other court according to law (that is, from the district courts); (4) of all civil causes except as otherwise expressly provided (meaning, of course, when other

express provisions are not made for their trial, as, for instance, in civil causes of which the supreme court may have exclusive original jurisdiction); (5) and may change the venue to some other circuit court (a) when a fair trial cannot be had before it and (b) upon the consent of the parties.

By Sec. 1649 the power and jurisdiction of circuit courts relating to civil causes is limited as follows: (1) Suits for penalties and forfeitures shall be triable only in the circuit where they were incurred; (2) actions of ejectment to quiet title and for trespass quare clausum are triable only in the circuit in which the real property in question is situated; (3) divorce cases are triable only in the circuit where the parties last lived together as man and wife or in the circuit in which the applicant resides if both had not lived together in the Territory; (4) probate of wills, appointment of administrators, admeasurement of dower and matters relating thereto, only in the circuit where the decedent last lived; matters of guardian and ward, only in the circuit in which the person in whose behalf the proceeding was brought is domiciled; (6) partition matters, only in the circuit where the real estate is situated; (7) adoptions, in the circuit in which the parents or either of them reside; (8) the power to issue writs of error, certiorari, mandamus, ne exeat, prohibition and quo warranto is in the judge of the circuit in which the occasion for the relief sought shall arise.

The question is whether the prohibition in subdivision two, Sec. 1649, of trying ejectment causes except in the circuit in which the land be situated limits the power in subdivision five, Sec. 1647, to change venues, or the power in subdivision four, Sec. 1647, to try all civil cases the trial of which is not otherwise expressly provided for.

In the *Martello* case, 19 Haw. 243, holding that parties in a divorce case could not by mutual consent have their case tried in any other circuit than where they last lived together, the plaintiff relied upon *Central Trust Co.* case, 151 U. S. 129,

Kalaeokekoi v. Wailuku Sugar Co., 19 Haw. 366.

which held that where a defendant corporation voluntarily sub-
mitted to the jurisdiction of a circuit court by pleading to the
merits this was a waiver of its privilege of being sued in the
district of its domicile, and the *Schollenberger* case, 96 U. S.
369, holding that the act of congress prescribing the place where
a person may be sued is not one affecting the general jurisdic-
tion of courts. We considered that the judge was right in refus-
ing to hear the divorce case in which the state is interested
and not only the parties. The case distinguished between the
statutory provisions for trying and for bringing a divorce case,
but did not involve the question of the power of the court to
change venue for none had been exercised.

The provisions for trying suits for penalties and forfeitures,
ejectments, divorces, probate, guardian and ward and adoption
matters, partitions and issuing writs, etc., seem to refer to the
fourth subdivision of Sec. 1647 in that they modify the power
therein given to circuit courts to hear any civil cause "except
as otherwise expressly provided," the trial of these matters being
expressly provided for in Sec. 1648. The power of any circuit
court under subdivision five of Sec. 1647 to change the venue
in any civil case pending before it is not a limitation upon the
power of trying any civil case but merely enables the court in
its discretion to transfer cases to another circuit; the words
"provided, however, that any circuit court," in this subdivision
meaning nothing more than the word "and" or "or." The
fourth and fifth subdivisions then might as well read as follows:
"Circuit courts have jurisdiction of all civil causes, except those
named in Sec. 1648, with power to change the venue of all such
causes including those for the trial of which express provision
is made." Any other construction would nullify the provision
for changes of venue which has always been authorized in cases
in which it is shown that a fair and impartial trial cannot other-
wise be had. (Sec. 857 C. C., and Sec. 857 C. L.) There is
the strongest kind of presumption against legislative intent of

such result and it ought not to be inferred from the statute if the inference may reasonably be avoided. "It not infrequently occurs that one portion or provision of a statute, if literally or even naturally construed, would practically nullify the whole, or some material portion, of the remainder of the act, with the effect of defeating its obvious purpose." In such cases it is a settled rule of construction that "such an interpretation shall, if possible, be placed upon the statute, ut magis valeat quam pereat." Sec. 265 Endlich, Interpretation. Again, "the question whether a proviso in the whole or in part relates to and qualifies, restrains or operates upon the immediately preceding provisions only of the statute, must depend, I think, upon its words and import, and not upon the division into sections that may be made for convenience of reference in the printed copies of the statute." Sec. 186 Ib. It is not a necessary rule that a proviso is always to be construed "with reference to the immediately preceding parts of the clause to which it is attached," but where a proviso "follows and restricts an enacting clause general in its scope and language, it is to be strictly construed and limited to the objects fairly within its terms." Sec. 186 Ib.

If the provisions in Sec. 1648 R. L., localizing the cases therein named, refer to subdivision four in Sec. 1647, giving general jurisdiction, instead of subdivision five, authorizing change of venue, there would be no miscarriage of justice in cases where a fair trial cannot otherwise be had, and such a construction is grammatically correct.

At common law an action of ejectment is local, triable only in the county in which the land is situated, but judges exercised discretionary power to change the venue in such cases. 3 Blackstone 294. The statute, in the fourth subdivision of Sec. 1647, goes further than the common law in giving circuit courts jurisdiction of all civil causes at law unless the local actions named in Sec. 1648 are excepted, but the prohibition of ejectment cases

Kalaeokekoi v. Wailuku Sugar Co., 19 Haw. 366.

in other circuits than where the land lies leaves the statute precisely as the matter stood at common law.

To the suggestion that the statute would then be unnecessary it must be observed that the common law was not declared in Hawaii until 1892, the date of this very statute.

Upon these considerations I think that the circuit court has discretionary power to change the venue in this action of ejectment.

## DISSENTING OPINION OF BALLOU, J.

The construction of the statutes involved in this case appears to me to raise the familiar question as to how far the court should depart from the ordinary and natural meaning of the language used by the legislature in order to avoid a result which it believes to be so mischievous in consequences as to raise a presumption that, in spite of the plain import of the words, it could not have been within the legislative intent.

The exact question is whether R. L. Sec. 1649, providing that the power and jurisdiction of circuit courts shall be limited so that actions of ejectment shall be triable only in the circuit in which the real property is situated is a limitation upon the fifth paragraph of R. L. Sec. 1647 providing for a change of venue upon proof that a fair and impartial trial cannot be had, or upon consent of parties, or whether on the contrary the provision for change of venue is a modification or limitation upon the provision that an action of ejectment shall be triable only in the circuit in which the property is situated.

The language of the statute seems to me to be clear. R. L. Sec. 1649 is expressed to be a limitation on the entire power and jurisdiction of circuit courts and circuit judges in chambers in civil cases as defined by Secs. 1647 and 1648 so far as the particular cases are specified. Naturally the proviso concerning actions of ejectment is not a limitation upon the power to try criminal offenses but so far as corresponding provisions are con-

cerned the provisions of Sec. 1649 are expressed to be limitations on all the provisions of the preceding sections, and the introductory language which limits "the power and jurisdiction" is unusually emphatic.

The general and natural rule is that the last proviso modifies all previous provisos and general language, and Sec. 1649 is not only last in order but so far as the provision concerning actions of ejectment is concerned was enacted later than Sec. 1647. Moreover Sec. 1649 is particular in its enumeration of many actions covered by the general language of Secs. 1647 and 1648, and it is a general rule of statutory construction that particular. language will be held to modify general language. The application in this case can be best illustrated by throwing the two provisions under consideration into one sentence, which would then read, "Any circuit court may in its discretion upon the consent of all the parties to any civil cause pending in such court, change the venue to some other circuit court and order the record to be transferred thereto, provided, however, that actions of ejectment shall be triable only in the circuit in which the real property is situated." The effect of the particular language upon the general becomes apparent. It will also be observed that some of the paragraphs of Sec. 1649 provide that actions shall be "triable" only in certain circuits while other paragraphs provide that proceedings shall be "brought" only in certain circuits. In the latter class of cases, so far as they include cases which might come before the circuit courts, there would be nothing to prevent a subsequent change of venue in accordance with the earlier provision, but the word "triable" imports a different meaning and its use should be given effect.

By the language itself and by the ordinary rules applicable to statutory construction the limitation on the jurisdiction to try actions of ejectment is a limitation upon the power to change the venue in any case. Although no reason is apparent why the legislature should have so wished to control the action of

Kalaeokekoi v. Wailuku Sugar Co., 19 Haw. 366.

the court upon the consent of both parties there is no reason on the other hand why it should not do so if it wished. The only real trouble comes in the fact that the same construction would apply in cases where a fair and impartial trial cannot be had. That this would result in a serious defect in the law may be admitted, but the resulting mischief is not sufficiently serious to warrant the court in applying the principle of *Hawaii v. Mankichi*, 190 U. S. 197, and departing from what seems to be the plain import of the language. If Sec. 1649 were limited to its third subdivision and provided merely that divorce cases should be triable only in the circuit where the parties last lived together as man and wife, I think the court would have no hesitation in construing this to be a limitation upon the power to change the venue in any case, such an enactment being reasonable and capable of being supported by sound argument based upon public policy. The same language is used with reference to actions of ejectment, and while no similar reason is apparent the same language should be given the same effect.

The portion of the fifth paragraph of Sec. 1647 which furnishes the strongest argument ab inconvenienti is the weakest so far as all rules of statutory construction are concerned, because the power to change venue upon proof that an impartial trial cannot be had is not expressed as a proviso, as is the case with the provision respecting the change of venue upon consent of the parties. Were the latter provision eliminated the only proviso, expressed as such, would be that in the introduction to Sec. 1649 and I do not see how the court could escape the conclusion that it modified the preceding general language. Even as the paragraph stands, the last clause is not in fact a proviso but merely an addition to the first clause and the only real provisos or limitations are those in Sec. 1649. To take the one concerning ejectment from its place and insert it between the fourth and fifth paragraphs of Sec. 1647 would no doubt lead to the conclusion arrived at by the court, but no proviso can

be taken from its place after general language and put before it without doing violence to the language as written.

So far as Hawaiian decisions are concerned the question has never been passed upon by the supreme court. If as now contended it was raised in one sentence of the brief of one of the parties in *Spreckels v. De Bolt,* 16 Haw. 476, it was apparently overlooked in the decision. The proposition that there is no adequate judicial precedent until a point is squarely passed upon seems to have been decided by *Notley v. Brown,* 17 Haw. 393, in which a judge who had been of counsel was held to be not disqualified as against fifty-four previous cases in which such disqualification had been assumed but never decided.