# IN THE MATTER OF THE GUARDIANSHIP OF HILDRETH CASTLE HITCHCOCK, A MINOR.

RESERVED QUESTION FROM CIRCUIT JUDGE, FOURTH CIRCUIT.

SUBMITTED JUNE 14, 1911.                    DECIDED JUNE 21, 1911.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

JUDGES—*disqualification of.*

> A circuit judge, who, previous to his appointment, acted as counsel for the petitioner in a petition for the appointment of a guardian, is not disqualified under Sec. 84 of the Organic Act, as amended May 27. 1910, from making an order requiring the guardian to file an inventory and account.

### OPINION OF THE COURT BY ROBERTSON, C.J.
### (Perry, J., dissenting.)

The facts here involved are, in substance, as follows: On December 2nd 1901, the will of the late Edward N. Hitchcock, deceased, was duly admitted to probate by the circuit judge of the fourth judicial circuit; that in said will the testator named his wife as guardian of the person and property of their daughter, Hildreth Castle Hitchcock, to whom he had bequeathed a portion of the proceeds of a certain life insurance policy; that on December 5th, Clare Fassett Hitchcock, widow of the testator, now Mrs. E. H. Moses, was, upon her petition filed for the purpose before the said circuit judge, sitting at chambers, in probate, appointed guardian of the person and estate of her said daughter, she being a minor; that the law firm of which the present judge of said circuit court was then a member were counsel for the petitioner in that proceeding; that, on April 21st 1911, the circuit judge, of his own motion, made an order, which bears the same title as do the papers in the original proceeding, directing the said guardian to "file in this court and cause, within one month from and after the date of service of this order, a duly authenticated inventory of all the property of said minor which has come into the possession of said guardian and also an itemized and duly authenticated ac-

count of all receipts and disbursements on account of the estate of said ward from the inception of said guardianship;" that Mrs. Moses then filed a paper entitled "Response of Guardian" in which she alleged that having been appointed guardian of her said daughter in and by the will of the child's father, her appointment as such guardian by the circuit judge sitting in probate was nugatory and void, and that she is under no legal obligation to file an account pursuant to the order of the judge for the reason that the accounts of testamentary guardians are cognizable only in a court of equity; that a suggestion of disqualification was also filed in which the point was raised that the present circuit judge is disqualified "to make any order in the said cause and is disqualified to sit as a judge in this case," because of his having acted as counsel as aforesaid.

The question reserved for this court is stated as follows: "Is the judge of this Fourth Circuit Court, sitting in Probate, by reason of his having acted as one of the attorneys for Clare Fassett Hitchcock in presenting her petition and securing her appointment in 1901 as guardian of Hildreth Castle Hitchcock, a minor, disqualified from hearing and determining the question raised by the order directing said guardian to file her inventory and accounts and said guardian's response to said order?"

Section 84 of the Organic Act, as amended by an Act of Congress approved the 27th day of May 1910, provides, "That no person shall sit as a judge * * * in any case in which he has been of counsel."

"A case is a contested question before a court of justice; a suit or action; a cause; a state of facts involving a question for discussion or decision, especially a cause or suit in court." 5 Am. & Eng. Enc. Law (2nd Ed.), 748.

"The primary meaning of the word case, according to lexicographers, is cause. When applied to legal proceedings it imports a state of facts which furnishes occasion for the exercise of the jurisdiction of a court of justice." *Kundolf* v. *Thalheimer,* 12 N. Y. 593, 596.

"The words 'case' and 'cause' are constantly used as synonyms in statutes and judicial decisions, each meaning a proceeding in a court, a suit, or action." *Blyew* v. *United States,* 13 Wall. 581, 595.

In order to constitute a proceeding in court a "case" it is not necessary that there should have been a contest. An *ex parte* proceeding may be a case within the usual acceptation of the word.

The proceeding had before the circuit judge in which Mrs. Moses was appointed guardian of the person and property of her daughter was undoubtedly a case within the meaning of the statute. That case ended, however, with the entry of the order appointing the guardian. That was a final and appealable order. It accomplished and ended the purpose for which the proceeding was commenced. The actions of the guardian with respect to the administration of the trust are matters which have occurred since her appointment, and as to which it does not appear that the judge gave advice or had any connection as an attorney. The fact that the papers in the present proceeding bear the same title as those in the former proceeding does not necessarily make the two proceedings parts of the same case. Nor does the fact that the validity of the order made in the first proceeding may be questioned in the present proceeding disqualify the judge.

Assuming that the order of the circuit judge directing the guardian to file an inventory and account is to be regarded as a case, or a step in a case, rather than as a mere direction to an officer of the court, it must be considered a new and distinct case. It is not the case in which the judge acted as counsel.

A judge is not disqualified from hearing a case because it has grown out of a previous case in which he acted as counsel. *The Richmond,* 9 Fed. 863 ; *Stevens* v. *Hall,* 8 Idaho 549. Nor where the judgment in the first case is incidentally involved in the second case. *Clemons* v. *Clemons,* 69 Vt. 545. Nor where the second case is in aid of the judgment in the first case.

*Keeffe* v. *Third Nat. Bank,* 177 N. Y. 305. Nor where the first case involved some of the issues raised in the second. *Craufurd's Adm.* v. *Craufurd,* 22 Md. 447, 459; *Cleghorn* v. *Cleghorn,* 66 Cal. 309. In *Conyers* v. *Ford* (Ga.), 36 S. E. 947, it was held that a judge who, as attorney, had secured the appointment of a receiver was not disqualified from hearing a case subsequently brought by the receiver.

In *Territory* v. *Kapiolani Estate,* just decided, we held that a judge was not disqualified from trying an action of ejectment because of his having acted as attorney for one of the parties in a prior action of summary possession involving the same land. Although the action of ejectment was a continuation of the controversy which gave rise to the suit for summary possession, it was not the same case within the contemplation of the statute.

In *In re Estate of Banning,* 9 Haw. 354, 356, construing the statute (now R. L. Sec. 1634, as amended) which provided that in case of the disqualification or absence of a justice of this court his place should be filled by one of the circuit judges who had had "no connection with the said cause whether as counsel or in his official capacity," it was said, "if the circuit judge had admitted a certain will to probate and the decision appealed from was the allowance of the executor's accounts by another circuit judge, he would not be disqualified. The estate in probate is not the 'cause.' The 'cause' meant in the statute is the exact case or issue brought up to the Supreme Court by the appeal."

The attorney for the guardian suggests that the judge would be disqualified on account of interest should the matter of the guardian's accounts come before him because it would become necessary for him to decide upon the reasonableness of the fee paid him by the guardian as her attorney in the proceeding for her appointment. The question of the possible disqualification of the judge by reason of interest, however, is not raised by the question here presented.

The reserved question is answered in the negative.

*Harry Irwin* for the guardian.

*E. W. Sutton, Deputy Attorney General,* amicus curiae.

### DISSENTING OPINION OF PERRY, J.

The provision of the Organic Act as amended is that "no person shall sit as a judge * * * in any case in which he has been of counsel." The only question now before us is whether the order to the guardian to file an account is a part of the same case in which the appointment of guardian was made or is in itself a separate and distinct case. The ordinary meaning of the word "case" is a cause or suit in court. A proceeding in probate intended to secure protection for the property and person of a minor is ordinarily regarded as constituting in its entirety one case in which the appointment of the guardian is the first step, and the qualification of the appointee as guardian, the filing of an inventory, and the filing of accounts of receipts and expenditures on behalf of the ward are simply other steps. Ordinarily no attorney or judge would speak of these various steps as different cases. The title of the cause remains always the same. The ward and the guardian continue throughout as parties, and the subject matter, to wit, the custody of the person and the care of the property of the minor, is always the same. Subsequent proceedings may be instituted by mere motion,—without formal petition or service of summons, characteristics of the institution of new cases. The order in the present instance was even without motion, being of the judge's own accord. It seems to me that to regard the proceedings for the appointment of guardian as constituting in themselves one case and the order to account as the whole or a part of a separate case is to give the word, as used in section 84 of the Organic Act, a strained and unusual construction.

The mere fact that the order appointing a guardian was final so as to be appealable does not of itself show that the case was ended. Orders are sometimes appealable which are not the last

in a cause. Appealable orders may even occur in the earliest stages of a cause. For example, in *Dole* v. *Gear,* 14 Haw. 554, a bill in equity for maintenance, an order of temporary mainte-nance, made at the inception of the case, before the trial of the main issue, was held appealable. In *Atcherley* v. *Jarrett,* 19 Haw. 511, an order denying a motion to quash levy was held to be appealable before the execution sale was had. In each of these two instances further steps in the same "case" were had or could have been had subsequent to the entry of the appealable orders.

The statement in 9 Haw. 356, *Estate of Banning,* by two of the justices, that "the estate in probate is not the 'cause,' the 'cause' meant in the statute is the exact case or issue brought to the Supreme Court by the appeal," would seem to have been obiter dictum, but if it is to be regarded as an authority upon the point now under consideration I think that it ought not to be followed.

It may be that in some cases this court in passing upon al-leged causes of disqualification has given to the technical terms under consideration a narrower meaning than has been given to the same terms in other jurisdictions. However that may be, each case must be considered in view of its own circumstances and in each the attempt must be, as it undoubtedly has been, to give to the language of the act the meaning intended for it by the legislative body which enacted it. In this instance, with-in the meaning of the Organic Act, the judge below, in my opin-ion, acted as counsel in the same case in which the order in question was made and is therefore disqualified.