## K. HAMANO *v.* S. MIYAKE.

## No. 1027.

RESERVED QUESTIONS FROM CIRCUIT COURT, FIFTH CIRCUIT.
HON. L. A. DICKEY, JUDGE.

SUBMITTED JULY 23, 1917.                    DECIDED AUGUST 1, 1917.

### ROBERTSON, C.J., QUARLES AND COKE, JJ.

STATUTES—*amendment—effect.*

   When a statute is amended "to read as follows," those parts
   which are omitted are repealed and new provisions take effect at
   the time the statute as amended becomes operative (Following
   *Weinzheimer* v. *Lufkin,* 22 Haw. 183).

SAME—*same—presumption as to oversight.*

   Courts will not presume an oversight on the part of the legis-
   lature in the enactment of an amendatory statute where such
   presumption is avoidable.

TRIAL—*words and phrases.*

   The word "trial" as used in Sec. 2270 R. L. as amended by Act
   49 S. L. 1917, means a trial on the merits—the examination of the
   evidence for the purpose of determining the issues of fact between
   the parties, and does not include the hearing of an appeal from a
   district court solely on points of law.

### OPINION OF THE COURT BY QUARLES, J.

This is an action of assumpsit instituted in the district
court of Lihue, County of Kauai, wherein the cause was
determined. An appeal has been prosecuted by the de-
fendant on points of law to the circuit court of the fifth
judicial circuit from the judgment of the district court in
the action. The defendant moved in the circuit court to
have the case set for hearing, which motion was opposed
on the ground that Act 49 of the Laws of 1917 deprives
the court of jurisdiction to try any term case before the
second Wednesday in January, 1918, unless a special

term be called. The circuit court has expressed its willingness to hear the case at an early date, if authorized so to do. The circuit court being in doubt as to its right to proceed in the cause has reserved to this court the following questions:

(1)  "Is there now continuing any regular term of the circuit court of the fifth circuit, Territory of Hawaii, or will there be none held until the second Wednesday of January, 1918?"

(2)  "Does the term 'trial' in section 2270 of the Revised Laws of 1915 as amended by Act 49 of the Session Laws of 1917 include hearings in cases brought to the circuit court of the fifth circuit from a district magistrate by appeals solely on points of law?"

Prior to April 3, 1917, by statute (Sec. 2268 R. L.) terms of court in the fifth circuit at Lihue were fixed on the first Wednesdays of March, July and November. This section, as amended by Act 49, S. L. 1917, now provides that terms of court shall be held "in the fifth circuit, at Lihue, on the second Wednesday of January," thus making a continuing term for the year. This amendment was approved April 3, 1917. The provisions in the old statute as to the three terms in the fifth circuit commencing on the first Wednesdays of March, July and November, being omitted in the amendatory statute, are repealed and the new provisions became effective at the date of its approval, April 3, 1917 (*Weinzheimer* v. *Lufkin,* 22 Haw. 183). This statute does not in terms nor by implication revert back to the first Wednesday in January, 1917, hence, under the law as it now exists, there is no authority for calling or holding the July or November term provided by the statute prior to its amendment. This may have been an oversight on the part of the legislature as it would have been an easy matter to have provided in the amendatory statute that from the date of its approval the fifth circuit court should be in continuous session during the remainder of

the year 1917, or to have provided that the provisions of the amendatory act should take effect in the fifth circuit at the beginning of the year 1918. Courts will not presume an oversight on the part of the legislature where such presumption is avoidable. There is reason for concluding that the legislature acted advisedly in the enactment of the amendatory statute in question, as by the provisions of section 2269 R. L. "Any circuit judge may, with the written approval of the chief justice, appoint special terms of his court, at other times, whenever he shall deem it essential to the promotion of justice." We are therefore forced to the conclusion that there is not now a continuing term of the circuit court of the fifth circuit; and that the court during the remainder of this year can only be convened in special term by the provision of section 2269 R. L., under which provision the court can readily dispatch any necessary business in the cause of justice.

The answer to the second reserved question must depend upon the construction of the word "trial" as used in the amendatory statute. The statute (Sec. 2270 R. L.), before and since the amendment, provides that "no trial in any term case shall be had in July and August." At common law the word "trial" meant the examination of the evidence and decision upon issues of fact. Bouvier in his law dictionary, following the rule announced in *United States* v. *Curtis*, 4 Mason 232, Fed. Cas. No. 14,905, defines the word "trial" as follows: "The examination before a competent tribunal, according to the laws of the land, of the facts put in issue in a cause, for the purpose of determining such issues." This definition is substantially that given by early common law writers (3 Blackstone, Commentaries, 330; Stephen's Pleading 77—3 Am. ed. 114 and appendix thereto, note 30). See also *Hitchcock* v. *First Judge*, 14 Haw. 1, 4. Under many statutes, owing to the phraseology used, the word "trial" has been held to em-

brace either, or both, questions of law and of fact. The provision in section 2540 R. L., allowing an attorney's fee of three dollars "for attending upon the trial of any cause" has repeatedly been held in this court as not allowable upon a hearing on appeal, the same not being a trial within the meaning of the language used in the statute last named. In our opinion the word "trial," as used in the amendatory statute in question here, relates to the trial of the issues of fact, upon the merits, and not to questions of law not raised upon the trial of the case on its merits, in term cases. We are of the opinion that the legislature in the amendatory statute under consideration used the word "trial" in its limited or common law sense and not in its general sense. The legislature must have intended that the trial prohibited was the trial upon the merits of the case where the issues of fact are settled, and not to a hearing on an appeal upon points of law. The circuit court has concurrent jurisdiction with this court in appeals upon points of law from a district magistrate and in such appeals it could not reasonably be contended that this court tries the case or does anything more than to review the trial had in the district court for the purpose of ascertaining whether or not an error of law was committed. Consequently the circuit court of the fifth circuit has jurisdiction to hear, during July and August, at a special term properly called in accordance with section 2269 R. L., an appeal from the district court upon points of law.

The circuit court of the fifth judicial circuit is advised that there is now no continuing term of such court in the fifth judicial circuit and no provision of law by which a regular term thereof may be held during the remainder of the present year, and any term held in said circuit must be held under the provisions of section 2269 R. L. And the circuit court is further advised that the term "trial"

in section 2270 of the Revised Laws of 1915, as amended by Act 49 of the Session Laws of 1917, does not include the hearing of an appeal to the circuit court from a district magistrate solely on points of law.

*Fred Patterson* for plaintiff.

*S. K. Kaeo* for defendant.