No. 710.—CHARLES M. CONRAD *v.* GUSTAVE A. CALLERY.

The maker of a promissory note who enters into an agreement with the holder, whereby he obtains an extension of the time of payment, with a promise to pay interest, is precluded thereby, from setting up that the holder is not the owner thereof. Such agreement, it is true, does not change the real title to the paper, but it bars the maker from contesting the ownership with the holder.

Where a partnership exists, the partners have no cause of action against each other for a specific sum resulting from a partnership transaction, until there has been a settlement of the partnership, nor can the maker of a promissory note oppose a claim which he holds against the partnership of which the holder of the note is a member.

In a suit on an obligation given for a mixed consideration, part land and part slaves, that portion which is ascertained to be for slaves will be deducted from the entire amount of the contract, and judgment will be given for the balance. But in case payments have been made before emancipation, the amount will be credited ratably, that is, in the proportion that each bears to the entire contract. Sandidge *v.* Sanderson, 21 An. 757.

APPEAL from Third District Court, parish of St. Mary. *Train,* J. C. M. *Conrad & Son* and *Tucker & Davis,* for plaintiff and appellee. *DeBlanc & Perry,* for defendant and appellant.

WYLY, J. The plaintiff, claiming to be the holder and owner of two certain mortgage notes made by the defendant, sued him to recover a personal judgment, and to foreclose the mortgage.

The defendant admitted the signature, but specially denied "that the plaintiff became the owner of said notes for a good and valid consideration, inasmuch as, to his knowledge, those notes were, as they now are, the property of the insolvent estate of W. T. Palfrey, and subject to the following deductions:

*First*—Three thousand dollars, being the value and price of two negroes, named Charles and Granaville, represented at the date of said sale as being slaves for life, and the property of William T. Palfrey, which price is included in the amount of the notes herein referred to.

*Second*—Six hundred and fifty dollars, being one-half the price of ten mules purchased by respondent for the benefit of the partnership which then existed between Palfrey, Callery and Segur, and paid for by Callery and Segur.

*Third*—Five hundred dollars, being one-half of the price of carts and oxen purchased for the aforesaid partnership and paid for by and with the funds of Callery and Sigur.

*Fourth*—Two thousand five hundred dollars, being one-half of the improvements put upon the land of William T. Palfrey, clearing said land and growing crop;    *    *    *    and that, long before the notes sued upon passed into plaintiff's possession, they were subject to the deductions of three thousand six hundred and fifty-five dollars, being the amount paid by Callery and Segur for William T. Palfrey, as before stated, which payments extinguished by compensation an equal amount of the notes sued upon. The defendant amended his answer, and alleged that, ever since the maturity of said notes, he has been ready and willing to pay, and has often offered to pay, the balance he justly owes on the same, "but that the pretended owner of said notes and the administratrix of Palfrey's estate have refused to accede to his proposition; and, by that unlawful and arbitrary course, have made him suffer damages in an amount equal to the interest which has accrued on the notes sued upon by plaintiff and to the fees of the attorneys he was compelled to employ, which fees are fully worth $500, and, together with the interest on the notes, ought to be deducted from the amount of plaintiff's claim."

The court gave judgment as prayed for, except as to the slave part of the debt, which was deducted from the whole debt, and ratably apportioned in the paid and unpaid installments.

The defendant has appealed.

As to the defense, that the plaintiff is not the owner of the notes, we think the defendant is precluded from denying it, not only by the averments of his amended answer, but by the agreement he entered into with the plaintiff, on the twenty-fifth of January, 1866, in which an extension of three years was stipulated for, and he promised to pay him the interest. It is very true that no act of the defendant, the maker of the notes, can operate a divestiture of title, or give the plaintiff the ownership of the notes, which he did not otherwise possess, but by his judicial averments and by his contract with the plaintiff, the defendant is precluded from denying it.

The compensation pleaded by the defendant can not be maintained.

He seeks to oppose to this demand the claim of Callery and Segui against the partnership of Palfrey, Callery & Segur. It has often been held by this court that partners have no cause of action against each other for a specific sum resulting from a partnership transaction, until there has been a settlement of the partnership. Sewell, executor, v. Cooper, 21 An. 582; Succession of Dolhonde, 21 An. 3.

If the defendant would have no cause of action against Palfrey, the payee, for a specific sum resulting from a partnership transaction, he certainly can not oppose that claim to the notes held by the plaintiff herein; besides, the claim set up is not equally liquidated and demandable. C. C. 2205.

In reference to the slave part of the debt, we think the view taken by the judge a quo correct. See Sandidge v. Sanderson, 21 An. 757, and subsequent decisions on this subject.

In reference to the plea filed in this court that, pending this litigation, the inscription of the mortgage has perempted by failure of plaintiff to reinscribe it within ten years, we will remark that, if the plea be permissible, of which we express no opinion, the proof of its correctness does not appear "by the mere examination of the record," C. P. 902; and we, therefore, can not give it effect. From the view we have taken of the case, it becomes unnecessary to examine the other defenses and the bill of exceptions taken by the defendant. The plaintiff asks for damages for frivolous appeal, and we think they should be awarded him.

It is therefore ordered that the judgment appealed from be affirmed, and that the plaintiff recover of the defendant one hundred and fifty dollars damages and costs.

Rehearing refused.