*E. .F. Dupree* and *H. O. Farr,* for plaintiff in error.
*J. F. Redding,* contra.

---

GASKINS *v.* GREEN.

ATKINSON, J.  1. L. J. Gaskins executed to Massee-Felton Lumber Company, a corporation, an instrument attested and recorded as a deed, which recited a consideration, and purported to "grant, bargain, sell, demise, and lease to the said Massee-Felton Lumber Company, its successors and assigns, all and singular the timber on the following described lots and parcels of land, to wit." Then follows a description of the land with reservations of certain described timber. The instrument also contains a covenant that the "Massee-Felton Lumber Company, its successors and assigns, are to have free, full, and undisturbed use and enjoyment of the said timber, including the right to cut and remove the same from the said lands within four years from date, after which time said lease may be extended by payment of 25 cents per acre per year." Subsequently, and before the expiration of the four years allowed Massee-Felton Lumber Co. to remove the timber, that corporation executed to J. N. Bray & Son, a partnership, a separate writing which, so far as material to this case, recites that "The Massee-Felton Lumber Company, a corporation of Bibb County, Georgia, hereby transfers, sells, aliens, and conveys unto J. N. Bray & Son, a partnership composed of J. N. & E. W. Bray, of Valdosta, Lowndes County, Georgia, all its rights, titles, and privileges in each and every one of the following described leases, namely." Then follows 'among others a description of the paper above mentioned. *Held,* that the transfer above mentioned was not a mere conveyance of the paper, but was a transfer of all right, title, and interest which Massee-Felton Lumber Company had in the property described in the paper, as well as all rights which it had according to the terms of the paper, including the right to extend the time for cutting or removing the timber.

2. The written instrument between Gaskins and Massee-Felton Lumber Company, described in the preceding note, had indorsed upon it the following: "I hereby, for the consideration of two hundred ($200.00)

dollars, transfer the within lease to R. M. Green, this the 10th day of June, 1912," which instrument was signed by the two members of the firm of J. N. Bray & Son. *Held*, that while this latter transfer may be insufficient as a conveyance of title to the timber (*Tillman* v. *Bomar*, 134 *Ga.* 660, 68 S. E. 504), or of the right to cut and remove the timber under the lease, yet it was admissible on the question of estoppel as dealt with in the next headnote.

3. Though conflicting, there was evidence to the effect that, before the expiration of the four years in which Massee-Felton Lumber Company and its successors and assigns were authorized to cut and remove the timber, Gaskins recognized Green as the owner of the timber by assignment, and entitled to all the privileges of his original grantee, including that of extension, and entered into a parol agreement with Green to the effect that he would waive the payment of the twenty-five cents per acre and grant an extension of one year, relatively to the timber on the low lands, if Green would surrender his right to the timber on the high lands; and that both parties acted upon this agreement. Under these circumstances Gaskins would be estopped, after four years from the date of the original contract, from contesting with Green the sufficiency of the transfer of his lease from J. N. Bray & Son as a conveyance of the timber with the appurtenant right of extension of time. *Studdard* v. *Hawkins*, 139 *Ga.* 743 (78 S. E. 116).

4. Under the conflicting evidence, the court did not abuse his discretion in refusing to enjoin the defendant from cutting the timber on the low land.       *Judgment affirmed. All the Justices concur.*

                     APRIL 18, 1914.

Petition for injunction. Before Judge Thomas. Berrien superior court. August 2, 1913.

*Knight, Chastain & Gaskins,* for plaintiff.

*W. D. Buie,* for defendant.