## 22847. YARBROUGH *v.* SEAGRAVES.

DECIDED SEPTEMBER 6, 1933.

*John B. Gamble,* for plaintiff in error. *J. Paxson Amis,* contra.

MACINTYRE, J. The exception is to the overruling of demurrers and motions to strike which, had they been sustained, would have resulted in a final judgment in the case.

As owner and assignee of two certain promissory notes, respectively for $2000 and $250, and of loan deeds to certain lands to secure the same, G. D. Seagraves brought suit against James M. Yarbrough. The notes and deeds were executed by Yarbrough in favor of Mrs. Nina Seagraves, who had loaned him the said sums. The original petition did not set out how the petitioner was the owner or the assignee, but the notes attached to the petition showed that one A. C. Seagraves had assigned to petitioner all his rights therein "as an heir at law of Mrs. Nina Seagraves." Yarbrough demurred to the petition, on the grounds that the notes failed to show any ownership of petitioner or any transfer thereof to him by

the payee, Mrs. Nina Seagraves; that petitioner had shown no ownership in A. C. Seagraves except as an heir at law of Mrs. Nina Seagraves, and that there was no allegation that Mrs. Seagraves had departed this life; and that if such assignments as appeared on the notes were meant to show that Mrs. Seagraves was deceased, then any cause of action thereon would vest only in a legal representative of her estate and not in petitioner.

The plaintiff amended his petition and alleged that Mrs. Seagraves was his mother; that she had died intestate on June 15, 1929 (the two assignments having been made, according to the record, on September 18, 1929); that plaintiff and A. C. Seagraves, his father, the assignor, were her sole heirs at law and were both sui juris at the time of her death; that there had been no administration on her estate, she owing no debts; that plaintiff became sole owner of the notes and loan deeds by said assignments; and that after such assignments were executed, plaintiff received from the defendant, on two occasions, payments of interest on said notes in consideration of an extension of time for the payment of the principal sums, whereby defendant recognized and admitted that plaintiff owned the notes and had the legal right to collect on the same and was thereby estopped to deny the same thereafter. Plaintiff again amended, setting up that the defendant knew all these facts when he tendered the interest payments aforesaid. The defendant filed a motion to strike plaintiff's first amendment, on the ground that he did not have an opportunity to be heard when the same was allowed subject to objection, and on the further ground that the original petition made no case which could be amended, since it showed that the plaintiff had no right to sue.

The defendant moved to strike the second amendment to the petition, on the ground that the allegation of the interest payments could not set up an estoppel for the reason that said payments, "if made as alleged, were to a person who was not, in law, entitled to collect the same." The court overruled the demurrers and motions to strike, and authorized the plaintiff to proceed with his case as made by the original petition and its amendments. To this judgment the defendant excepted.

The controlling question to be decided in this case by this court is whether or not the petition as amended sets out a right of recovery in favor of the plaintiff. Generally, an heir at law can not

maintain an action in his own name on a chose in action which belonged to the decedent at the time of the latter's death; for the title to personal property of a decedent vests in his administrator for the purpose of administration, and not in his heirs at law. "If heirs of a decedent should bring suit against one who was his debtor, alleging that there were no debts of the estate and no need for administration, the defendant would frequently have no means of knowing whether there were such debts or not, or of combating such allegations. If the heirs should recover against him, and subsequently it should appear that there were in fact creditors, and an administrator should be appointed and bring suit against the same defendant, the former judgment would be no protection to him, so far as the rights of creditors were concerned; while a judgment for or against him in a suit by the legal representative of the estate would be conclusive upon heirs and creditors." *Moughon* v. *Masterson,* 140 *Ga.* 699, 705 (79 S. E. 561).

There are, however, exceptions to this rule. Thus, when on the part of the administrator there is collusion, insolvency, or unwillingness to collect the assets when called upon, or some other like circumstances, a suit in equity can be maintained at the instance of some of the distributees of the estate, to recover personal property thereof. *Denny* v. *Gardner,* 149 *Ga.* 42 (99 S. E. 27), and cit. There are also instances where a debtor is estopped from denying or disputing the title of a holder of a note. "If in making a contract or in a course of dealing the title of one party or the other to the property involved in the transaction is recognized, and the dealing proceeds upon that basis, both parties are ordinarily estopped to deny that title or to assert anything in derogation of it. However, to work an estoppel of this character and under such circumstances, it has been held to be necessary that the recognition of title or right be clear and unambiguous." 21 C. J., 1238, § 244.

The Supreme Court of Louisiana, in the case of Conrad *v.* Callery, 22 La. Ann. 428, held: "The maker of a promissory note who enters into an agreement with the holder, whereby he obtains an extension of the time of payment, with a promise to pay interest, is precluded thereby from setting up that the holder is not the owner thereof. Such agreement, it is true, does not change the real title to the paper, but it bars the maker from contesting the ownership with the holder." In discussing this ruling the court

said: "The plaintiff, claiming to be the holder and owner of two certain mortgage notes made by the defendant, sued him to recover a personal judgment, and to foreclose the mortgage. The defendant admitted the signature, but specially denied 'that the plaintiff became the owner of said notes for a good and valid consideration, inasmuch as, to his knowledge, those notes were, as they now are, the property of the insolvent estate of W. T. Palfrey,'" etc. The court further said: "As to the defense that the plaintiff is not the owner of the notes, we think the defendant is precluded from denying it, not only by the averments of his amended answer, but by the agreement he entered into with the plaintiff on the twenty-fifth of January, 1866, in which an extension of three years was stipulated for, and he promised to pay him the interest. It is very true that no act of the defendant, the maker of the notes, can operate a divestiture of title, or give the plaintiff the ownership of the notes, which he did not otherwise possess, but by his judicial averments and by his contract with the plaintiff, the defendant is precluded from denying it."

The Supreme Court of Georgia held, in *Petty* v. *Brunswick &c. R. Co.,* 109 *Ga.* 666 (3) (35 S. E. 82), as follows: "One who deals with an 'association' as a legal entity capable of transacting business, and in consequence receives from it money or other thing of value, is estopped from denying the legality of its existence or its right to contract." See also, in this connection, *Gaskins* v. *Green,* 141 *Ga.* 552 (2) (81 S. E. 882); *Sluddard* v. *Hawkins,* 139 *Ga.* 743 (78 S. E. 116); *Chapman* v. *Schroeder,* 10 *Ga.* 321 (3). It is therefore our opinion that, under the facts of this case, the doctrine of estoppel applies; and that the defendant Yarbrough was estopped from denying the title of the plaintiff, G. D. Seagraves. Consequently the trial judge did not err in overruling the demurrers and motions to strike.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*