23388, 23389. HIATT, receiver, *v.* WOODS *et al.;* and *vice versa.*

Decided September 17, 1934.

*H. A. Wilkinson, Henry Wilkinson, W. L. Ferguson,* for plaintiff. *R. R. Marlin,* for defendants.

MacIntyre, J. W. S. Hiatt, receiver of the Dawson City national Bank, foreclosed a chattel mortgage against Mrs. A. J. Paschal on mules and farm equipment, and proceeded to levy and sale, with no defense, no claim or affidavit of illegality being

filed thereto. Before the day of sale of the chattels by the sheriff, E. T. Woods placed two in personam tax fi. fas., issued against A. J. Paschal in his hands, to be collected out of the funds to be derived from the sale of said personalty. These in personam tax fi. fas. represented taxes on 294 acres of land, together with mules and other personalty, returned by A. J. Paschal for the years 1929 and 1930, which had been transferred to Mrs. E. T. Woods and E. T. Woods, respectively. D. S. Jones, tax-collector of Terrell county, Georgia, also placed one in personam tax fi. fa., issued against A. J. Paschal, in the hands of the sheriff to be collected out of the funds to be derived from the sale of the chattels. These in personam tax fi. fas. represented the taxes on 294 acres of land, together with mules and other personalty, returned by A. J. Paschal for the year 1932. W. S. Hiatt, after the sale, obtained a money-rule in the superior court of Terrell county against the sheriff to distribute the money derived from the sale of the chattels levied upon under the mortgage execution. The court passed an order of findings on the facts, and ordered that after the payment of the costs of the proceedings by which the fund was brought into court, the fund should be applied to the satisfaction of the tax fi. fas. according to their priority, the balance, if any, to be paid over to Hiatt, as receiver of the Dawson City National Bank. The evidence tended to show that the mules and farm personalty from which the funds were derived by the mortgage foreclosure against Mrs. A. J. Paschal was in fact some of the property returned by A. J. Paschal as his property, there being also real estate included in his return; and that Mrs. A. J. Paschal did not return for taxation any of the property mentioned in the mortgage. There is no evidence in the record that Mrs. A. J. Paschal owned the property from which the funds were derived, except that she mortgaged the said property to the bank and that the bank foreclosed the mortgage. It appeared that no claim, no defense, nor any affidavit of illegality, was filed to the foreclosure, and A. J. Paschal testified that Mrs. A. J. Paschal had the right to mortgage the said property. W. S. Hiatt contends that this estopped everyone from asserting that the mortgaged property was not the property of Mrs. A. J. Paschal. Even had A. J. Paschal been estopped from claiming title as against Mrs. Paschal and the bank, we do not think the State or its transferee of the tax fi. fas. would be estopped from col-

lecting their taxes on any of the property of A. J. Paschal for the years in question. Nor do we think, if Mrs. Paschal had no title to the personal property from which the funds were derived, that either she or the bank had the right to claim the funds as against the transferees of the tax fi. fas. Hence the bank, the mortgagee of Mrs. Paschal did not have the right, as against such transferees, to have the taxes prorated under section 1144 of the Civil Code as amended by the act of 1931 (Ga. L. 1931, p. 1220) and the act of 1932 (Ga. L. 1932, p. 50). However, in this case; after the costs and tax fi. fas. have been paid, if the conduct of A. J. Paschal had estopped him, as to Mrs. Paschal and her mortgagee, the bank, from claiming the balance of the funds, then Mrs. Paschal's mortgagee could claim the balance of said fund, if any, as against A. J. Paschal. An agreement may estop one from contesting the ownership of property and yet not change the real title to the property. *Yarbrough* v. *Seagraves,* 47 *Ga. App.* 436 (170 S. E. 553).

The court did not commit reversible error in allowing the introduction of the evidence complained of by the plaintiff in error.

*Judgment affirmed on main bill of exceptions; cross-bill dismissed. Broyles, C. J., concurs. Guerry, J., concurs specially.*

GUERRY, J., concurring specially. I concur in the result reached by the majority of the court, but not in all that is said in the opinion. Two of the tax fi. fas. are of older date than the bill of sale of the plaintiff in error, and under common-law principles would be entitled to take the money as against a claimant under a junior lien. The prorating of taxes under the act of 1931 (Ga. L. 1931, p. 122), in my opinion, does not mean that liens of tax fi. fas. already in existence may be subjected to prorating as to a lien created subsequently to the creation of the tax fi. fa. The mortgagee or vendee buys the property with knowledge that such lien is in existence, and can not obtain a better title than his mortgagor or grantor holds. The act of 1931 does not mean to place the State, in the collection of its taxes, to greater trouble or more disadvantage than an ordinary lienholder.

The act of 1931 referred to above states also that the "owner or the holder of any equity, lien, or interest in or on the property that has been returned or assessed with other property for taxes shall be allowed to pay the taxes assessed against any one or more pieces of the property of which he is the owner, or the holder of an in-

terest or equity therein or lien thereon, (a) *when* listed separately by the owner or assessor on the *tax return or digest according to the valuation shown by said return or assessment* [italics mine]; (b) when not listed separately on the tax return or digest by the owner or assessor, by paying the proportionate part of the taxes represented by such property according to the valuation in the return or assessment; that is to say, such proportionate part of all of such taxes represented by such return or assessment as the value of such separate piece of property (upon which payment is being made) bears to all of the said property in such return or assessment."

The record in this case is entirely silent as to any value of the property contained in the bill of sale, and is entirely silent as to any proportionate value of the property in the bill of sale and the entire value listed in the return or assessment. The court would be unable to prorate taxes without having evidence by which it could determine what proportion the value of a separate piece of property upon which a lien is held bears to all the property in such return or assessment. The burden of showing the amount or proportionate part of the value of the property is upon the person asserting the right to such benefit. Under these principles I am of the opinion that the court did not err in directing the application of the fund in court to the payment of the tax fi. fa.