# COUNTY OF PISCATAQUIS.

WILLIAM R. WEBB *versus* JOHN GODDARD *& al.*

Statutes, prescribing the counties in which transitory actions may be brought
and tried, do not, in the least, change their legal character; but over such
the Court has jurisdiction, in any county in which they are commenced.
Otherwise, if the actions are local in their nature.

Where a transitory action was erroneously brought in a county in which
neither of the parties resided, and the defendant appeared and neglected to
file a plea in abatement, or a motion to dismiss the same, within the time
prescribed by the Rules of Court for pleading in abatement, he will be re-
garded as having waived the irregularity.

EXCEPTIONS from the ruling of HATHAWAY, J.

THIS was an action of ASSUMPSIT, on an account against
the defendants as partners, and was entered at the term of
the Court for the county of Piscataquis held in Sept., 1856.

The writ describes the plaintiff as of Ottaway in Canada,
the defendant Goddard as of Portland, in the county of Cum-
berland, and the defendant Russell as of Houlton, in the
county of Aroostook in this State.

· At the February term, 1857, defendant Russell was de-
faulted, and defendant Goddard moved the Court to abate ·
the writ and dismiss the action, on the ground that it was
not brought in a county where either party resided; which
motion the presiding Judge overruled.

The case was thence continued from term to term to the
September term, 1858, when a default was entered on the first
day of the term.

On the 7th day of the term, said Goddard moved, that the
default be taken off, that he might make a motion to have
this action abated. That motion was denied. He then filed
a motion in arrest of judgment, and showed the Court, by
inspection of the writ, that the plaintiff lives in Ottaway,

Canada, and not in this State, and that one of the defendants lives in Cumberland county and one in Aroostook county, and neither of them in this county. Which motion being also overruled, the said Goddard excepted.

*Rowe & Bartlett*, in support of the exceptions.

This case was not legally brought before the Court in Piscataquis. It was brought in violation of the Act of 1856, c. 228, which was enacted to supply an omission in § 2 of c. 114 of R. S. of 1841.

The failure to plead in abatement cannot give the Court jurisdiction.

The object of the law is not to confer a personal privilege on a defendant, but to regulate the distribution of the burdens of litigation among the several counties; exempting each county from the burden of litigation in cases where no party is a citizen of such county.

The defect is a matter of substance, and not of form. The Act of 1856 is a positive prohibition of this suit being brought in Piscataquis county. It makes a class of actions, otherwise transitory, local; and is certainly as binding on the Court as would be a rule of common law making it so. If it were local by common law, it would be dismissed at any time, on motion. 1 Maine, 245; 13 Maine, 134.

This defect appearing on the face of the writ, no motion or plea is necessary, but the action should be dismissed at any stage, on the Court discovering it. *Bailey* v. *Smith*, 12 Maine, 196; *Tebbetts* v. *Shaw*, 19 Maine, 204; *Maine Bank* v. *Harvey*, 21 Maine, 38; *Eames* v. *Carlyle*, 3 N. H., 130; *Sackett* v. *Kellog*, 2 Cush., 88; *Thrale* v. *Cornwall*, 1 Wils., 165; *Dockminique* v. *Davenant*, 1 Salk., 200.

"If it shall appear to be a local action by statute, plaintiff will be nonsuited on the opening." Lord MANSFIELD, in *Bucksfield* v. *Hopkins*, Cowp., 409–10; *Doulson* v. *Mathews*, 4 T. R., 503.

In *Parker* v. *Elden*, 1 East, 352, Lord KENYON says that, in such cases, the Courts are bound to notice and enforce the statute.

The presiding Judge, at September term, 1858, erred in not dismissing or abating the action, when the defect was shown to him. R. S. of 1857, c. 81, § 2, in its terms applies to this case.

Neglect of defendant to plead in abatement, at most, can be but a waiver of personal privilege. It cannot be a waiver of the rights of the county of Piscataquis. The case was there in Court, in violation of law. The Judge, at any time, could have abated it on inspection, and exceptions to such abating as illegal could not have been sustained. The plaintiff acquired no right to save his action in the repealing clause of the statute.

*A. Sanborn, contra.*

The opinion of the Court was drawn up by

TENNEY, C. J.—Neither of the parties to this suit had his residence in the county of Piscataquis, and the plaintiff resided out of the State, as appears by the writ, which was returnable therein. The action was entered at the September term, 1856, and at a subsequent term, the defendant Russell was defaulted, and Goddard, the other defendant, moved that the writ abate and the action be dismissed, on the ground that it was brought in the wrong county. The motion was overruled, and the action continued from term to term, till September term, 1858, when Goddard was defaulted, on the first day thereof, and, on the seventh day of the same term, he moved that the default be taken off, in order that he might file a motion that the action abate, which motion was denied. Thereupon a motion in arrest of judgment for the same cause was filed and overruled. To these rulings and refusals, exceptions were taken by the defendant Goddard.

The action was erroneously brought in the county of Piscataquis. Statute of 1856, c. 228, § 1, requires that, when the plaintiff is not an inhabitant of the State, all personal and transitory actions, excepting process of foreign attachment, shall be brought in the county where the defendants, or

one of them, resides. The same provision is found in R. S. of 1857, c. 81, § 2, and when not so brought, on motion or inspection of the Court, they shall be abated, and the defendant allowed double costs.

It is not insisted, in defence, that a general appearance for the defendant Goddard was not entered at the first term; and, from the fact that the action was continued for several terms, we infer that an unqualified appearance was entered for him upon the docket at that time. No plea in abatement was filed, and no motion to abate the writ and dismiss the action, till the second term, was made. It is hence insisted, by the plaintiff, that the irregularity was waived. On the other hand, the defendant contends that there was a total want of jurisdiction in the Court, sitting in the county of Piscataquis, of the suit, and that the objection may be taken at any time before judgment.

Transitory actions are broadly distinguished from those which are local in their nature; and statutes, prescribing the counties in which the former may be brought and tried, do not in the least change their legal character; but over such the Court has jurisdiction in any county in which they are commenced. *Martyn* v. *Fabrigas*, Cowper, 161 and 176; *Brown* v. *Webber*, 6 Cush., 560. But it is otherwise in those, which are in their nature local. *Robinson* v. *Mead*, 7 Mass., 353; *Hathorne* v. *Haines*, 1 Greenl., 238; *Blake* v. *Freeman*, 13 Maine, 130.

"Where the objection is that the Court never had any authority to issue any process, or any jurisdiction over the subject or the parties, the proceeding is void." *Elder* v. *Dwight Man. Co.*, 4 Gray, 201. "But matters of form, which do not affect the merits of the controversy, nor the regular and fair administration of justice, are held to be waived, if not excepted to at an early stage of the case." *Richardson* v. *Welcome*, 6 Cush., 331.

By the statute of Massachusetts, c. 28, § 13, passed Oct. 30, 1784, it is provided that, "when the plaintiff and defendant both live within the Commonwealth, all personal or

transitory actions shall be brought within the county where one of the parties lives. And when an action shall be commenced in any other county, than as above directed, the writ shall abate, and the defendant be allowed double costs." In the case of *Cleaveland* v. *Welch*, 4 Mass., 591, the Court, referring to this provision, say, "This remedy was given to the defendant. He may, consequently, waive it. And he must be considered as waiving it, unless he seek it by plea in abatement to the writ. For the exception is not to the jurisdiction, &c., but is to the writ, as sued out and returned in the wrong county."

In the case of *Brown* v. *Webber and trustee*, 6 Cush. 560, after a review of authorities upon the subject, which is similar in principle to the question now before us, SHAW, C. J., says, "The result is, that where the Court has a jurisdiction of the cause and subject, as in transitory actions, where the jurisdiction is not limited by statute; and where they hold also jurisdiction of the persons, either by being rightly served with process, returned in the right county, as designated by the statutes, or where they have taken jurisdiction of the persons, by their submission to the jurisdiction, no exception can be taken to the rendering of a valid judgment; and that a defendant does waive all exceptions to irregularity, including the fact that the process is made returnable in the wrong county, by a general appearance and plea or answer to the merits." An omission to make a motion to dismiss the action at an early stage, in such case, is regarded as a waiver of the objection. *Jayner* v. *Third School District in Egremont*, 3 Cush., 574.

The suit before us is assumpsit, and is a transitory action. The writ was made in the wrong county. The defendant omitted to plead in abatement, or to move a dismissal of the action, till the time prescribed by the rules of this Court had elapsed. Rules of Court, 37 Maine, 569. He thereby waived the privilege conferred by the statute.

*Exceptions overruled.*

APPLETON, CUTTING, MAY, DAVIS and KENT, J. J., concurred.