Mrs. N. O. Thompson v. Fort Worth & Rio Grande Railway Company.

Decided March 11, 1903.

1.—Evidence—Agreement—Public Policy.

There is no rule of public policy forbidding an agreement that, in a certain contingency, a party may use hearsay evidence.

2.—Hearsay Evidence—Agreement of Counsel.

The deposition of one injured on a railway being about to be taken under a proceeding to perpetuate his testimony, the general attorney of the railway company, then negotiating about settlement, agreed, that, if he would not then give his deposition, in case of his death the wife might testify as to the account he had given her as to the cause, character and extent of his injuries. Held, that she should have been allowed to so testify in a suit for injuries resulting from his death.

Appeal from the District Court of Brown. Tried below before Hon. John W. Goodwin.

Mrs. Thompson appeals from a judgment for defendant in a suit brought by her against the railway company.

*Arch. Grinnan* and *E. S. J. Whitehead,* for appellant.

*West, Chapman & West,* for appellee.

KEY, Associate Justice.—This is a suit for damages brought by the surviving wife and children of R. K. Thompson, they alleging that Thompson's death was caused by the negligence of the defendant railway company. After hearing the testimony, the trial court instructed a verdict for the defendant upon the ground that there was no sufficient evidence that R. K. Thompson was injured while a passenger on the defendant's road and by its negligence.

Overruling all other assignments of error, we sustain the third, which complains of the ruling of the court in excluding certain testimony. The testimony and ruling referred to are disclosed by bill of exception number 2, which reads as follows:

"Be it remembered that on the trial of the above entitled cause the plaintiffs offered to prove by Mrs. N. O. Thompson, wife of R. K. Thompson, deceased, that when said R. K. Thompson returned home in his injured condition, he told her that on December 26th, 1898, he was a passenger on defendant's freight train and had some cattle on the same train, bringing them to Brownwood, and that at or near Stephenville, Texas, the trainmen caused the car in which he was riding to give a sudden, violent and unusual jar, jerk and jolt, which threw him from his seat against the door facing of said car, and caused the injuries to his head, shoulder, back and side. The defendant objected to said evidence because the same is hearsay, which objections were sustained by the court, and the plaintiff excepted to the ruling of the court,

and the plaintiffs then offered said evidence in connection with the following other evidence, viz: The petition of R. K. Thompson and all the plaintiffs in this suit which was filed in the District Court of Brown County, Texas, on February 10, 1898, to perpetuate the testimony of said R. K. Thompson to be used in a suit to be brought by them or either of them in said court for damages sustained by them by reason of the violence and injuries inflicted upon said R. K. Thompson. In this connection, plaintiffs offered in evidence the direct and cross-interrogatories and the commission issued thereon to take the deposition of said R. K. Thompson in accordance with said petition. Said interrogatories had indorsed thereon the following agreement: 'I hereby waive service, notice and copy, and agree that commission may issue authorizing any officer properly qualified to take the answer of the witness R. K. Thompson to the foregoing direct and cross-interrogatories, which answers of said witness may be used by R. K. Thompson or any or all of his heirs at law in any proceeding instituted by him or them against the Fort Worth & Rio Grande Railway Company, to recover damages on account of personal injuries claimed by him to have been sustained while a passenger on one of said railway's freight trains on the 26th day of December, 1898. This 14th day of February, A. D. 1899. (Signed) N. H. Lassiter, Atty. for Deft. Ry. Co.' And in this connection plaintiffs further offered to prove by Mrs. N. O. Thompson, that while said depositions of R. K. Thompson were about to be taken to said interrogatories, N. H. Lassiter, defendant's general attorney, was at said Thompson's home, trying to make a settlement with said R. K. Thompson for his said injuries, and the said N. H. Lassiter then agreed with plaintiffs and R. K. Thompson that if he would not give his depositions until the doctor advised him that he should die, or anything should happen that he did not give them, that Mrs. N. O. Thompson, the doctor and any of the grown children of R. K. Thompson could go on the stand in any suit thereafter brought by them and testify as to what said R. K. Thompson said was the cause, character and extent of his injuries. Then defendant objected to all of this evidence, because the same was hearsay, and because the same is a contract relating to evidence in trials and seeking to vary and change the rules of evidence fixed by law and is against public policy. Defendant further objected to said evidence because the agreement, if any, was made in another and different case and not in the case at bar, and because the agreement, if any, related to the demand that was settled and not to this action, and because there was no suit then pending to which said alleged agreement related; that the agreement, if any, was not one which this court could or should enforce, and was not made between parties outside of the court and not relating to a case then pending; that the agreement, if it was made, had reference to the suit then pending to perpetuate the evidence of R. K. Thompson and not to this suit; that the matters in conemplation at that time was not the condition of the affairs we have here now. And further, that an attorney would not have authority

to bind his client by such an agreement; that hearsay evidence can not be made competent that way; that the alleged agreement, if any, was made prior to the bringing of this suit and does not relate to this suit or the cause of action there set up, but relates to the suit then pending to perpetuate Thompson's evidence, and the cause or causes of action, if any, to which said suit relates and not to the cause of action here sued upon. Because the agreement, if any, relates to the cause of action, if any, that was settled during the lifetime of R. K. Thompson. Which objections were by the court sustained and said evidence excluded and not allowed to be considered by the jury, to which action of the court the plaintiffs then and there and in open court excepted, and tender this bill of exceptions to the court for approval."

In our opinion Lassiter, if general attorney for the defendant, as the plaintiffs offered to prove, had the power to make the agreement referred to. And, while the agreement was not in writing, we think, under the circumstances referred to, it should have been enforced. It is highly probable that on account of that agreement, R. K. Thompson's testimony was not perpetuated in such manner as to have rendered it available in this suit; and, such being the case, it would be unjust to the plaintiffs and equivalent to a fraud upon them not to enforce the agreement. We know of no rule of public policy that the agreement contravenes; and we think its terms are broad enough to cover the evidence offered and excluded.

*Reversed and remanded.*