## ROSE COUTA MARTELLO *v.* ANTONE MARTINES MARTELLO.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED NOVEMBER 14, 1908.                    DECIDED NOVEMBER 16, 1908.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

DIVORCE—*jurisdiction.*

> A libel for divorce cannot be brought in a circuit other than that in which the parties last lived together as man and wife, notwithstanding a waiver of all jurisdictional objections.

OPINION OF THE COURT BY HARTWELL, C.J.

This is an appeal from a decree dismissing a libel for divorce for desertion and failure to provide. The libel, which was brought in the first circuit, does not show where the husband and wife last lived together but the decision finds that it was at Onomea, Hawaii, which is in the fourth circuit. The husband's answer waives all right he might have to object to the jurisdiction of the court to try the suit and consents to its being tried at any time after the filing of the answer. By Sec. 1648 R. L. circuit judges at chambers have jurisdiction in divorces which is limited by Sec. 1649 which provides that causes of divorce "shall be triable only in the circuit where the parties last lived together as man and wife, or, if they have not so last lived together in this Territory, in the circuit in which the applicant resides." Sec. 2229 gives exclusive original jurisdiction to the "circuit judge or judges severally of the circuit in which the parties shall have last lived together as husband and wife." The libellant's brief refers to the statute (Sec. 1647) which allows a circuit court in its discretion, upon consent of all parties, to change the venue, but no change of venue was made or asked in this case. It is con-

tended that "where the plaintiff brings suit in the wrong venue such suit may be tried there provided the defendant does not object to the venue, as the venue is merely laid for the convenience of the parties," and that a "requirement that suits in federal courts shall be brought in the district where the defendant lives confers an exemption in the nature of a personal privilege that may be waived." *Central Trust Co. v. McGeorge,* 151 U. S. 129, cited in support of this contention, holds that where a defendant corporation voluntarily submits itself to the jurisdiction of a circuit court of the United States by pleading to the merits this is a waiver of its privilege of being sued in the district of its domicil, citing, besides several other cases, *Ex Parte Schollenberger,* 96 U. S. 369, in which it was said, "The act of Congress prescribing the place where a person may be sued is not one affected by the general jurisdiction of courts." Our statute, however, not only prescribes the circuit where the libel for divorce may be brought but prohibits the trying of a libel in any other circuit than that in which the parties last lived together as man and wife, and allows divorce cases to be brought in no other circuit.

The judge was right in refusing to exercise by consent of parties jurisdiction not conferred by law, and in considering that in divorce cases the plaintiff and defendant are not the only interested parties but that the state is interested.

Decree affirmed.

*T. M. Harrison for libellant.*

No appearance for libellee.