Fort Masonry Company, Inc., Respondent, *v.* Hudson View Construction Co., Inc., Appellant.

(Supreme Court, Appellate Term, First Department, March, 1918.)

Appeal — notice of, not served in time — affidavits — agreement — attorneys.

> Where, upon a motion to compel plaintiff's attorney to receive a notice of appeal not served in time, the statements in the moving affidavits, relied on as showing that an oral agreement was made over the telephone with plaintiff's attorney to extend defendant's time to serve the notice of appeal, are flatly, positively and with much minuteness of detail contradicted by the opposing affidavits, the motion will be denied.

Motion to compel plaintiff's attorney to receive notice of appeal.

William Jasie, for plaintiff.

Philip D. Shapiro, for defendant.

Appellate Term, First Department, March, 1918. [Vol. 102.

*Per Curiam.* The defendant's attorney herein moves for an order compelling the plaintiff's attorney to accept a notice of appeal. It is conceded that the notice was not served in time, but the defendant relies upon an alleged oral agreement, made over the telephone, with the plaintiff's attorney, whereby the time was extended one day, and this court is asked to enforce such alleged agreement. Although stipulations between attorneys are not binding unless reduced to writing (Gen. Rules of Practice, rule XI) nevertheless the court will not permit an attorney to be misled, deceived or defrauded if he acted upon an oral stipulation of the opposite party. *Zwecker* v. *Levine,* 135 App. Div. 432. It is essential, however, in order to afford relief under an oral agreement, that it clearly and unequivocally appear that one was made. In the instant case the statements set forth in the moving affidavits, and relied on as showing that an oral agreement to extend defendant's time to serve a notice of appeal was entered into, are flatly, positively and with much minuteness of detail contradicted by the opposing affidavits.

Under such circumstances we must hold that the defendant has failed to show the existence of even an oral agreement, and the motion must be denied.

Present: BIJUR, FINCH and MULLAN, **JJ.**

Motion denied.