# HEE FAT *v.* CHANG CHIP, CHANG CHIN, CHUN TIN AND FONG KOON CHAN.

## No. 1288.

### APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT. HON. J. T. DEBOLT, JUDGE.

ARGUED OCTOBER 5, 1920.                DECIDED OCTOBER 12, 1920.

COKE, C. J., EDINGS, J., AND CIRCUIT JUDGE FRANKLIN IN PLACE OF KEMP, J., ABSENT.

COURTS—*jurisdiction in equity matters.*

Under section 2472 R. L. 1915 the several circuit courts throughout the Territory possess jurisdiction of matters where relief in equity is prayed for without regard to where the rem is located or where in the Territory the parties may reside.

SAME—*same.*

But a complainant in equity does not enjoy as a matter of of right a roving commission to institute and maintain his suit in any of the circuit courts which he may choose.

SAME—*same.*

Where concurrent jurisdiction in equity cases is reposed in several courts whether that jurisdiction will be exercised or declined by one of such courts rests largely in the discretion of the judge and depends upon the circumstances of each case.

SAME—*same.*

The attempt of the petitioner in the present case to draw the respondents away from the jurisdiction where all the parties reside was properly held by the judge of the court below to be inequitable and unjust.

The appellant Hee Fat instituted in the circuit court of the first circuit a suit in equity against the appellees Chang Chip, Chang Chin, Chun Tin and Fong Koon Chan for the dissolution of a copartnership known as the Wailua Rice Mill Company and Poi Factory. In addition to a dissolution the petitioner also asked for an accounting between the parties. All of the parties to the suit are residents of the Island of Kauai and the business of the copartnership is conducted on that island. Respondents filed a demurrer to the bill of complaint, the third ground of which is as follows: "That the petitioner does not offer to do equity, and in particular, though he resides on the Island of Kauai within the fifth judicial circuit and both the petitioner and respondents do business on said Island of Kauai, petitioner has ignored the circuit court of the fifth judicial circuit and comes to this island and this court and petitions this court for an accounting that will necessarily require on any contested hearing the attendance of defendants and witnesses, of transportation and loss of time, and without any offer on the part of petitioner to pay any of the unnecessary expense thus to be incurred." The demurrer came on for hearing before the Hon. John T. DeBolt, second judge of the first judicial circuit, who decided that the ground of demurrer above set forth was well taken. The demurrer was therefore sustained and the bill dismissed without prejudice. In sustaining the demurrer the judge expressed his views thereon in the following language: "The demurrer, as it seems to me, should be sustained on the ground that all of the parties to this suit, petitioner and respondents, reside on the Island of Kauai, within the fifth judicial circuit; and for the additional reason that the copartnership business involved in this suit is also located there. There is no allegation or showing of any fact or reason whatsoever why the cause cannot be heard in the

fifth circuit as well as here, neither is there any allegation or showing of any fact or reason why the cause should be heard here. And it is obvious that it would be unjust, unfair and inequitable and would unnecessarily add to the expense of all concerned to have the cause tried in this circuit. To emphasize this phase of the question, let us suppose that the petitioner had chosen to bring the suit in Hilo, or in Kailua, or in Wailuku rather than in Honolulu. If the suit were filed in Kailua it is possible that the cause could be tried either there or at North Kohala or in Waiohinu. Moreover, the calendar of this court is overcrowded with cases instituted by residents of this circuit. Therefore, inasmuch as there appears no reason in justice, equity or otherwise why the case cannot be properly heard before the judge of the fifth circuit and in the due exercise of a sound judicial discretion, and in the interest of justice as it seems to me, I decline to assume the jurisdiction in this case for the reasons stated. The demurrer is sustained" etc. From the decree of the court sustaining the demurrer the petitioner has brought the cause to this court on appeal.

Section 2472 R. L. 1915 provides that "In addition to the jurisdiction in equity otherwise conferred, the several circuit judges shall have original and exclusive jurisdiction of every original process whether by bill, writ, petition or otherwise, in which relief in equity is prayed for, except when a different provision is made," etc.

Under this statute it cannot be doubted that the several circuit courts throughout the Territory possess concurrent jurisdiction of matters where relief in equity is prayed for without regard to where the rem is located or where in the Territory the parties may be domiciled. This is the interpretation and the effect of the statute as announced by this court in *Wailuku Sugar Co.* v. *Cornwell,* 10 Haw. 476, 479, and again in *McBryde Sugar Co.*

v. *Koloa Sugar Co.,* 19 Haw. 106, 116. It therefore follows that the circuit court of the first judicial circuit sitting in equity had jurisdiction of the parties and of the cause in the present case and it remains only to be determined whether the court was clothed with a discretionary power to refuse jurisdiction, and if that power existed, whether under the circumstances of this case the court was justified in exercising its discretion in the manner hereinabove indicated.

All of the parties interested reside on the Island of Kauai and within the fifth judicial circuit; the Island of Kauai is approximately 80 miles by water from the Island of Oahu where the circuit court of the first judicial circuit functions. There is no pretense at any showing in the bill or otherwise why the parties should be required to undergo the expense and inconvenience of a sea voyage from Kauai to Honolulu and here remain in attendance until the cause is tried and determined in the circuit court of the first circuit when the circuit court of the fifth circuit, which sits in equity at all times, at Lihue, Kauai, could try the issues with less expense and inconvenience to all concerned. If the petitioner can as a matter of right compel the respondents to come to Honolulu to defend this cause then, as pertinently remarked by the judge of the court below, he might with equal right have instituted his suit before the circuit court at Hilo on the Island of Hawaii, some 250 miles distant from Kauai, and thus have required the attendance of the respondents upon the court there. It seems to us that equity and good conscience would refuse to sanction any such imposition. While equity suits are cognizable by the several circuit courts in the Territory it does not follow that a complainant in equity enjoys as a matter of right a roving commission to institute and maintain his suit in any of the circuit courts which he may choose. See

*Rice* v. *Tarver*, 4 Ga. 571. It is a recognized rule that where concurrent jurisdiction is reposed in both equity and law courts the equity court will generally decline to exercise jurisdiction where the remedy at law is complete and adequate and no special circumstance exists demanding the interference of equity. And where concurrent jurisdiction is recognized, whether it will be exercised or declined rests largely in the discretion of the court. 16 Cyc. 36. And with equal force it may be said that where concurrent jurisdiction in equity cases is reposed in several courts whether that jurisdiction will be exercised or declined by one of such courts rests largely in the discretion of the judge thereof and depends upon the circumstances of each case. It is not from any inherent want of power or jurisdiction in the equity court of the first circuit, but rather from the standpoint of policy and fairness which justifies the judge of that court in relegating the petitioner to the court of the domicil of the parties for a redress of his grievances.

The attempt of the petitioner in the present case to draw the respondents away from the jurisdiction where all the parties reside was properly held by the judge of the court below to be inequitable and unjust.

The decree appealed from is affirmed.

*J. Lightfoot* for petitioner.

*L. A. Dickey* (*P. L. Rice* with him on the brief) for respondents.