## Pinnacle Motor Company v. Simpson.

(Decided October 22, 1926.)

Appeal from Harlan Circuit Court.

1. Judgment.—Motion to set aside default judgment entered at preceding term, on ground that default was result of misunderstanding of counsel, held properly denied as in excess of court's authority to grant, in view of Civil Code of Practice, section 518, et seq.

2. Judgment.—Misunderstanding of counsel about filing of answer held not unavoidable casualty or misfortune authorizing new trial after default judgment.

3. Process.—Motion to quash summons served on agent will lie, where there is defect in writ or return, or where person served was not in fact an agent.

4. Process.—Motion to quash return on summons on ground that contract sued upon was not made nor to be performed in county

where suit was brought, and that defendant had no office there and never had an agent there, except temporarily, held properly overruled.

5. Venue.—Question of venue cannot be raised by motion to quash return on summons, but must be presented by special demurrer or plea in abatement, under Civil Code of Practice, section 118.

6. Courts.—Circuit courts will be presumed to have jurisdiction of parties and subject matter of action unless contrary be shown in manner pointed out by Code.

7. Judgment.—Defendant, seeking to avoid default judgment, held not entitled to have affidavit in support of motion to quash return on summons treated as a pleading under Civil Code of Practice, section 118.

JAMES H. JEFFRIES and W. E. CABELL for appellant.

HALL, LEE & SNYDER for appellee.

JOHN P. CUSICK, warning order attorney.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This case is before us on a motion for an appeal. Although we are of opinion that the judgment of the lower court is correct, yet, as this record involves questions of practice of interest to the bar, we have decided to grant the motion for an appeal in order that a written opinion may be delivered.

The appellee brought suit in the Harlan circuit court against the appellant, a corporation, for $260.00 on a contractual claim. The summons was duly served in Harlan county on an agent of the appellant, whom it is not denied was the proper agent for service if the Harlan circuit court had jurisdiction of this action. At the succeeding February term of court, appellant filed a motion to quash the return on the summons, and in support of that motion filed an affidavit setting up the fact that the contractual obligation sued on was neither made in nor was to be performed in Harlan county; that the appellant had never had any office whatever in Harlan county and never had any agent of any kind residing in that county, and that the service of the summons in this case was had on its agent at a time when he was but temporarily in Harlan county. Appellee filed a counter-affidavit. The court overruled the motion to quash and gave the appellant to the rule day in the March term to

file its answer. The appellant failed to file its answer within the time granted, and on a later day in that term of the court a default judgment was entered against the appellant. On the first day of the May term appellant filed a motion to set aside the default judgment and tendered an answer which was simply a traverse of the plaintiff's claim. In support of the motion to set aside the default judgment, appellant filed certain affidavits, the substance of which was that appellant's main counsel who resided at Pineville had employed local counsel in Harlan county to file the answer and had intrusted him with that duty; that the local counsel thought he had an agreement with appellee's counsel about the filing of this answer and that he had neglected to file the answer because of the reliance on the agreement he thought he had. The court overruled the motion to set aside the default judgment and appellant moves for an appeal.

The court did properly in overruling the motion to set aside the default judgment: First, because the judgment having become final at the preceding term, the court was without power to set it aside on motion on the grounds here asserted at a succeeding term. This could only be done by a proceeding filed under section 518, et seq., of the Code. Wobble v. Finch, 33 Ky. L. R. 588, 110 S. W. 808. Secondly, there was no unavoidable casualty or misfortune shown here, as comes within the meaning of the Code, authorizing a new trial on either of those grounds. Appellant's affidavits do not even go to the extent that its counsel had an agreement with appellee's counsel, but only that they thought they had an agreement. No excuse is shown for their mistake in this regard. Manifestly such grounds are not enough to warrant the court in setting aside a judgment. Neither did the court err in overruling the motion to quash the returns on the summons. A motion to quash lies where there is a defect in the writ or in the return or where the one served as agent is not in fact the agent, and perhaps in other cases. But the question of venue cannot be raised by a motion to quash. It must be presented by special demurrer if the facts showing lack of jurisdiction appear on the face of the petition, or by a plea in abatement under section 118 of the Code if the facts do not appear on the face of the petition. In the case of

Louisville Home Telephone Co. v. Beeler's Admr., 125 Ky. 366, 101 S. W. 397, which in part involved the question of practice now under discussion, the court said:

"Now, in the case under consideration, defense could not be made by demurrer to the jurisdiction because the petition stated facts sufficient to show jurisdiction. Nor could defense be made by motion to quash the summons, because, if the court had jurisdiction at all, the summons had been served upon the proper officer, the president of the corporation. Under the circumstances, therefore, the only kind of a defense that could be made by appellant, Louisville Home Telephone Company, was by answer."

In the case of L. & N. R. Co. v. Stewart, 163 Ky. 164, 173 S. W. 757, we said:

"Where the petition does not show that the county where the action is brought is not the proper county in which to bring it . . . objection to the jurisdiction of the court must be made as required by section 118 of the Civil Code."

As pointed out in Richardson v. L. & N. R. Co., 129 Ky. 449, 111 S. W. 343, and on rehearing in 112 S. W. 582, circuit courts are courts of general jurisdiction and it will be presumed that they have jurisdiction of the parties and subject matter of the action unless the contrary be shown in the manner pointed out by the Code. If a lack of jurisdiction appears on the face of petition, the way to raise such question is by special demurrer; if not, by a plea in abatement under section 118 of the Code. Appellant did not raise the question of jurisdiction in the manner pointed out, and having failed to do so it waived the same. It insists, however, that its affidavit in support of the motion to quash should be by this court treated as a pleading under section 118 of the Code, because, as it says, it has all the earmarks of such a pleading. However, it is obvious from this record that neither the appellant nor the appellee did so regard it in the lower court, nor did the court so regard it. All of the parties having treated it as an affidavit and not as a pleading, appellant cannot at this late date shift its ground and insist that it should be treated as a pleading.

For the reasons above stated, the motion for an appeal is granted but the judgment of the lower court is affirmed.