26492. PEOPLES CREDIT CLOTHING COMPANY *v.* SCOTTISH UNION AND NATIONAL INSURANCE COMPANY.

DECIDED FEBRUARY 9, 1938. REHEARING DENIED APRIL 1, 1938.

*G. S. Peck,* for plaintiff.

*McDougald, Troutman & Arkwright, Estes Doremus, Dudley Cook,* for defendant.

MacINTYRE, J. Peoples Credit Clothing Company instituted the present action against the Scottish Union and National Insurance Company in the municipal court of Atlanta. The plaintiff at the same time filed three suits in the city court of Atlanta, one against the present defendant, one against Old Colony Insurance Company of Boston, and the other against London Assurance Corporation. All of these suits were actions on separate fire-insurance policies issued by the defendants, the claim on each arising out of the same fire. All of the defendants were represented by the same attorneys and identical defenses were filed. Verdict was for the defendant in each case. The verdict in the present case was rendered March 22, 1932. A motion for new trial was duly made and set for April 18, 1932. Motions for new trials were also made in the Old Colony Insurance Company case and in the Scottish Union and National Insurance Company case in the city court of Atlanta. On May 2, 1932, there was a written agreement and order setting the motion for new trial in the present case on June 17, 1932. On June 14, 1932, there was a written agreement and an order of the court thereon to continue the case over, which was as follows: "It is hereby stipulated and agreed between counsel for plaintiff and defendant in the above-styled case that a motion for a new trial pending therein before the Honorable A. L. Etheridge, judge of the municipal court of Atlanta, be continued over until such time as the Court of Appeals shall hand down its decision in a companion case arising from the city court of Atlanta under the style of Peoples Credit Clothing Company *v.* The Old Colony Insurance Company of Boston, Mass." The following order of the court appears thereon: "The above stipulation and agreement of counsel is hereby made the order of this court." On November 6, 1933, this court affirmed the judgment in the companion case mentioned in the above order. See *Peoples Credit Clothing Co.* v. *Old Colony Insurance Co.,* 47 *Ga. App.* 819 (171 S. E. 587).

The plaintiff's motion for new trial in the municipal court was never assigned for a hearing, and neither the plaintiff nor the

plaintiff's attorney had any notice of a hearing thereon. After the Court of Appeals rendered the above judgment, counsel for defendant prepared an order reciting that "said motion for new trial was by consent of counsel of record to *abide the result*" of said Old Colony Insurance Company case, which order was signed by the trial judge on June 4, 1934.

Plaintiff in error, by and through G. Starr Peck, different counsel from the one formerly employed, made the present motion to set aside and vacate the order overruling the motion for new trial, which motion was "filed at the term at which said discovery (of the order overruling the same) was made." On the hearing of this motion, counsel G. Starr Peck testified that the written motion to continue over was the only agreement in this case. Estes Doremus, counsel for the defendant, testified to the agreement between himself and original counsel for the plaintiff to abide the result of the judgment of the Court of Appeals in the companion case of the plaintiff against Old Colony Insurance Company of Boston, as above recited, which agreement he testified was made *subsequent* to the written agreement continuing over the hearing of the motion for new trial. It thus appears that the judge was the trior and that he was authorized under the evidence to find that the original counsel for both parties agreed to "abide the result" of the companion case and thus test the principles involved. The motion for new trial in the instant case was not heard (or appealed) in consequence of the agreement.

In *Bradshaw* v. *Gormerly,* 54 *Ga.* 557, 559 (a case the facts of which make the principle of law therein discussed and decided applicable to the facts in the instant case), the court said: "The withdrawal of the claims by Gormerly, on the return of the remittitur from this court, was in violation of his agreement. He himself assented to what his counsel agreed, and it would be to permit a gross fraud to allow him to repudiate his bargain after he had made it and lost the case here. If he had not assented in person, he would have been concluded by the acts of his counsel; for the agreement was executed by plaintiffs not trying but continuing their cases, and the claimant is estopped from saying that the agreement was not in writing." Code, § 24-3318, prescribes: "No consent between attorneys or parties will be enforced by the court, unless it be in writing, and signed by the parties to the

consent, where such consent or agreement is denied by the opposite party." If we concede that ordinarily the requirements of this Code section would cover such an agreement as the one in question, and while we think that the second agreement on the part of the plaintiff's attorney in verbally agreeing to "abide the result" does not change the fact that the agreement (or consent) was not in writing, yet the plaintiff is barred from saying that the agreement, which was executed, was not in writing, because the second agreement to continue over, in order to abide the result of a companion case, was relied on by the defendant and was intended by the plaintiff to, and in fact did, influence the defendant's conduct. *Life & Casualty Insurance Co. of Tenn.* v. *Carter*, 55 *Ga. App.* 622 (191 S. E. 153) ; *Yarbrough* v. *Seagraves*, 47 *Ga. App.* 436 (170 S. E. 553) ; *Oliver* v. *Godley*, 38 *Ga. App.* 66, 70 (142 S. E. 566) ; 21 C. J. 1117, § 120 (91). It should be noted in the instant case that we do not hold the plaintiff was estopped from denying the second agreement, and when he did so he made an issue of fact to be tried by the judge (trior) ; and when the judge decided, from the evidence adduced on the motion to vacate, that there was a second agreement made to "abide the result" (this agreement being executed by the defendant's not trying the motion for new trial but continuing it over in order to abide the result in the companion case), then the plaintiff would be estopped from saying that the agreement was not in writing. We can not say that the court erred in overruling the motion to vacate and set aside the judgment. The above opinion is substituted, on motion for rehearing, for that originally rendered. The judgment, however, is adhered to. *Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*