## TERRITORY OF HAWAII *v.* ROBERT ELSMORE COE.

## NO. 2655.

SUBMITTED OCTOBER 13, 1947.          DECIDED OCTOBER 29, 1947.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY KEMP, C. J.
(Peters, J., dissenting.)

On May 16, 1946, the grand jury of the first judicial circuit returned an indictment alleging in substance that Robert Elsmore Coe, on the 5th day of March, 1946, did

feloniously and unlawfully, but not willfully or wantonly, cause the death of one Frank Wens, by carelessly and negligently driving and operating a certain motor vehicle in which the said Frank Wens was riding, and by reason of the operation of said motor vehicle in said careless and negligent manner "by then and there driving said motor vehicle on the left or mauka side and wrong lane of said road, in a Wahiawa direction, did cause said motor vehicle to strike and collide with another motor vehicle, then and there operated by one Harold Ishimoto, and proceeding in said mauka lane and side of said road in a Waialua direction" and by reason of said collision did give to the said Frank Wens divers mortal wounds, from which he died.

To the foregoing indictment the defendant plead not guilty and the cause went to trial on said indictment and the defendant's plea of not guilty. The government's evidence established that the vehicles involved were being driven in the opposite directions from those alleged and, the prosecution having rested, counsel for the defendant moved for a directed verdict on the ground that the evidence showed that the defendant was driving in a Waialua direction instead of a Wahiawa direction as alleged in the indictment and also showed that the vehicle with which his vehicle collided was being driven in a Wahiawa direction instead of in a Waialua direction as alleged in the indictment.

The prosecuting officer having agreed that the motion for a directed verdict of not guilty should be granted, the court acquiesced. The jury returned the directed verdict and the court ordered the defendant discharged.

Thereafter, the same grand jury returned a new indictment against the defendant Coe, again charging him with causing the death of the same person, Frank Wens, on the

same road in the same city and county and on the same date, and in the same words as the first indictment except that in the new indictment, in lieu of the quoted portion of the first indictment, it was alleged that the defendant "by then and there driving said motor vehicle on the left side and wrong lane of said road, in a Waialua or makai direction, did cause said motor vehicle to strike and collide with another motor vehicle, then and there operated by one Harold Ishimoto, and proceeding mauka on the right side of said road in a Wahiawa direction." In other words, the only difference between the first and second indictments is the details as to the directions in which the two vehicles involved were being driven.

To this indictment the defendant's plea of former jeopardy was sustained and the defendant was discharged.

As authorized by section 9552, Revised Laws of Hawaii 1945, the Territory, seeking a reversal of the order sustaining the plea, assigns error.

Section 10664, Revised Laws of Hawaii 1945, is relied upon by the Territory. That section provides, *inter alia*, that "Any person acquitted on a trial of any charge of any offense upon the ground of variance between the indictment, information or complaint, and the proof, * * * may be subsequently tried and convicted of such offense under a new indictment, information or complaint, notwithstanding such former acquittal."

The meaning of the word "variance" used in the foregoing statute is of importance because when a word which has a known and established legal meaning is used in a statute, it is to be considered as having been used in its legal sense unless it appears that it was intended to be used otherwise. (59 C. J., *Statutes* § 578 [2], p. 979.)

The word "variance" has been many times judicially defined. A leading case on the subject, decided prior to

the enactment of the statute in question, is *United States v. Howard*, 3 Sumn. 12, 14-16, decided in 1837, and the opinion was written by Associate Justice Story of the Supreme Court of the United States, sitting as a circuit judge. In that case the defendant was charged with the commission of a crime on board the *Mount Vernon*, a ship of the United States, while it was lying within the jurisdiction of a foreign state and out of the jurisdiction of any particular state of the United States; and the indictment alleged that the ship then belonged to four named citizens of the United States, one of whom was William Nye. The undisputed evidence showed that instead of William Nye being one of the owners, Willard Nye was one of the owners. The case had been tried before a district judge who instructed the jury that the asserted variance, if it should be sustained by the evidence, should be considered by the jury as immaterial and should be disregarded by the jury, and that the legal effect of the variance would be open for consideration of the court. The jury having found the defendant guilty, he moved for a new trial; and the matter was heard before Justice Story and the district judge. The question of what constitutes a variance was so fully discussed by Justice Story we shall content ourselves with the following quotation from his opinion:

"It will not be found easy to reconcile all the cases upon the subject of variance, either in civil or in criminal causes. In the latter the authorities are not always in harmony, even where the same circumstances have occurred. There are, however, some principles which will guide us in arriving at a correct conclusion; and as these principles will be found well laid down by Mr. Russell, in his work on Crimes and Misdemeanors, ch. 4, § 3, p. 704 to 718, with illustrative examples, I shall state them from

his work, because I find them confirmed by the authorities cited by him. Two questions generally arise. The first is, what allegations must be proved, and what may be disregarded in evidence. The second is, what is sufficient proof of allegations, which cannot be disregarded in evidence. The former includes the consideration of what constitutes mere surplusage, in an indictment; the latter what properly constitutes variance. Mere surplusage will not vitiate an indictment, and need not be established in proof. The material parts which constitute the offence charged must be stated in the indictment, and they must be proved in evidence. But allegations not essential to such a purpose, which might be entirely omitted without affecting the charge against the defendant, and without detriment to the indictment, are considered as mere surplusage, and may be disregarded in evidence. But no allegation, whether it be necessary or unnecessary, whether it be more or less particular, which is descriptive of the identity of that which is legally essential to the charge in the indictment can ever be rejected as surplusage. The former proposition may be illustrated by cases which have actually passed in judgment. Thus, where the prisoner was charged with robbery *near the highway*, and the evidence proved the robbery in a house, it was held immaterial; for it was equally a' robbery ousted of clergy, whether committed near the highway or elsewhere. So in Pye's case, (Russ. & Ryan, Cr. Cas. 9, note; S. C. 2 East P. C., ch. 16, § 168, p. 785, 786), where the robbery was charged with being committed in the dwelling of A. W. The proof was that the robbery was committed in a house, but it did not appear who was the occupier of it; it was held immaterial. So, upon an indictment under the statute 8 & 9 Will. 3, ch. 6, § 1, for having a die, made of iron and steel, in possession, it was held that, as it was immaterial as to the of-

fence, of what the die was made, proof of a die either of iron or steel, or both, would satisfy the charge. So an indictment for stealing so much lead 'belonging to the Rev. G. C. W. and then and there fixed to a certain building called Hernden Church;' it was held that it should have been charged only as affixed to the church, and that therefore the allegation that it belonged to G. C. W. ought to be rejected as surplusage."

The decision of Justice Story that "variance" means "material difference between allegation and proof" and that "mere surplusage will not vitiate an indictment, and need not be established in proof" is supported by later decisions of many courts both federal and state. A few of them are: *United States* v. *Wills*, 36 F. (2d) 855; *Hodges* v. *State*, 73 Tex. Cr. 638, 165 S. W. 607 (citing many earlier cases); *State* v. *Viering*, 175 Minn. 475, 221 N. W. 681. For a collection of other cases defining variance as "material difference" see 44 Words and Phrases, pp. 83, 84.

The consensus of the decisions is that in legal parlance variance is a disagreement between the allegations in the indictment and the proof, as to some matter which is legally essential to the charge; that surplusage may be disregarded and that a variance is not established by showing a discrepancy between the allegations and the proof as to matters which are mere surplusage. It follows that if the statement in the indictment as to the directions in which the automobiles were being driven was mere surplusage, no variance was shown, and the motion for a directed verdict of not guilty, based on a supposed variance, should have been denied.

It must be apparent that the offense charged in the second indictment is the same offense with which the defendant was charged in the first indictment and of which he was acquitted, the gravamen of the offense being that,

by carelessly and negligently driving his automobile on the wrong side of the road he thereby caused his automobile to collide with another automobile being properly driven on the same road in an opposite direction, and that as a result of said collision Frank Wens, who was riding in the automobile of the defendant, was killed. It must therefore be apparent that the statement of the particular directions in which the automobiles were being driven was mere surplusage and that proof of directions different from those alleged did not constitute a variance within the meaning of the statute.

In *Drake* v. *Commonwealth*, 29 Ky. L. Rep. 981, 96 S. W. 580, Drake was indicted, the charge being that he wagered $10 upon the result of a race between G. M. Derickson and H. E. Knox, opposing candidates for the office of county judge. The evidence showed that G. M. Derickson and A. T. Knox, instead of H. E. Knox, were the opposing candidates for the office of county judge, upon which the wager was made. On the defendant's motion the court peremptorily instructed the jury to find the defendant not guilty, and such was the jury's verdict. Judgment was then entered in conformity with the verdict. Thereafter, the commonwealth attorney filed an information against the defendant, in which the name A. T. Knox was substituted for H. E. Knox. To this information the defendant interposed a plea of former jeopardy, waived a jury, and submitted the matter to the court upon an agreed statement of facts, including facts as to the former indictment and trial. The gist of the decision of the court is contained in the syllabus, as follows: "Const. § 13, declares that no person shall be twice put in jeopardy for the same offense. Cr. Code Prac. § 178, provides that the dismissal of an indictment for variance between the indictment and proof shall not bar another prosecution for the

same offense. *Held*, that where one was indicted for betting on the result as between opposing candidates for the office of county judge, and the indictment alleged that the name of one of the candidates was H. E. Knox, but the evidence showed that his name was A. T. Knox, and the jury were peremptorily instructed to acquit defendant on account of the variance, the acquittal was a bar to a subsequent prosecution, as the variance was immaterial."

In *United States* v. *Wills, supra,* the defendant's plea of *autrefois acquit* was denied, and after conviction he appealed. In discussing the ruling the court said : "Whether the ruling of the court was right or wrong depends primarily on whether the acquittal on the first indictment was by reason of a material variance, as the government contends, or whether, as the defendants maintain, it was by reason of a failure on the part of the government to prove its case as pleaded; the substantial difference between the two contentions in law and the very practical difference as it affects the defendants being that in the first instance the acquittal does not operate as a bar to subsequent indictment and trial while in the second instance it does so operate."

In *Morgan* v. *Devine,* 237 U. S. 632, 639, 640, the test is thus tersely stated : "The test is whether, if what is set out in the second indictment had been proved under the first, there could have been a conviction ; when there could, the second can not be maintained ; when there could not, it can be."

In the case at bar the second indictment sets out the very facts that were proved under the first. From what we have said, it appears that the defendant could have been legally convicted under the first indictment on the proof adduced. Therefore, the second indictment, which alleges those same facts, cannot be maintained, and the

court committed no error in sustaining the plea of former jeopardy.

The order sustaining the plea of former jeopardy and discharging the defendant is affirmed.

*J. V. Esposito*, Public Prosecutor, and *J. R. Desha*, Assistant Public Prosecutor, for plaintiff in error.

*S. Landau* for defendant in error.

### DISSENTING OPINION OF PETERS, J.

I respectfully dissent. The opinion of my brother, the Chief Justice, suffices for a statement of the case and of the errors assigned.

The problem presented for review is, in my opinion, extremely simple and its mere statement its own solution.

The statutory offense of negligent homicide is defined as follows: "Every person who by the operation of any vehicle in a careless, reckless or negligent manner, but not wilfully or wantonly, shall cause the death of another, shall be guilty of the crime of negligent homicide * * *."[1]

The earlier indictment alleges a negligent homicide in which the negligence causing the homicide is described as "driving said motor vehicle on the left or mauka side and wrong lane of said road, in a Wahiawa direction * * *." The later indictment alleges negligent homicide in which the negligence causing the homicide is described as "driving said motor vehicle on the left side and wrong lane of said road, in a Waialua or makai direction * * *." The court knows judicially that Wahiawa and Waialua are geographically in opposite directions. The Hawaiian word "mauka" means inland, in an opposite direction to the sea. The Hawaiian word "makai" means towards the sea. What is the left side of the road depends upon the relation

---

[1] R. L. H. 1945, § 11399.

that the sides of the road bear to the direction traveled. Obviously, the left sides of the same road are different when the directions traveled are opposite. Hence the negligence alleged in the earlier indictment is negligence different from that alleged in the later indictment and each indictment alleges a different offense. The situation is no different from two indictments against the same person for murder, one alleging the infliction of the mortal wound by means of a revolver and the other describing the lethal weapon as a dagger. Two different offenses are alleged.

The admission that both indictments refer to the same offense, the earlier incorrectly so but the later correctly, is immaterial. Nor is it material that both indictments, in addition to the same time, place and name of defendant, allege the same type of negligence causing the homicide.

If, as the majority holds, Revised Laws of Hawaii 1945, section 10664, applies only to a material variance, it is applicable to the instant case. Negligence is an essential element of the crime and must be both alleged and proved. Similarly, the specifications of negligence when alleged in the indictment. The variance occurred from an incorrect recitation in the earlier indictment of the specifications of negligence and the trial court was consequently justified in directing a verdict of acquittal. But under the statute the acquittal did not bar a subsequent trial under a new indictment.

In my opinion the order sustaining the plea in bar should be reversed.