WILHELMINA CUMMINGS KAUI AND DAVID NALANIEHIKU KAUI *v.* COUNTY OF KAUAI.

No. 4270.

NOVEMBER 1, 1963.

TSUKIYAMA, C.J., CASSIDY, WIRTZ, AND LEWIS, JJ., AND CIRCUIT JUDGE HAWKINS IN PLACE OF MIZUHA, J., DISQUALIFIED.

*Per Curiam.* On motion of defendant the court below dismissed the action without prejudice, "on the ground that this Court does not have jurisdiction because of Act 194, Session Laws of Hawaii 1957 * * *." That act added to R.L.H. 1955, § 215-21, a new paragraph (i), reading as follows:

"(i) All civil actions other than those specified above shall be brought in the circuit where the cause of action arose or where the defendant is domiciled; provided, if there be more than one defendant, then such action shall be brought in the circuit in which the cause of action arose unless a majority of such defendants are domiciled in another circuit, whereupon such action may be brought in the circuit where such majority of defendants are domiciled."

The complaint alleged that plaintiff wife sustained injuries in a fall caused by the dangerous condition of a county bridge over which she was traveling across the Keahapana Stream, County of Kauai. Unquestionably the suit was brought in the wrong circuit. It should have been brought in the Fifth Circuit.

Plaintiffs contend that defendant has waived its objection to the venue. They further contend that in any event the court should not have dismissed the action, the remedy being transfer of the case to the Fifth Circuit according to their contention.

For the proposition that the court below should have transferred the case to the Fifth Circuit if the objection to the venue was not waived, plaintiffs turn to R.L.H. 1955, § 215-17(f), as amended by S.L. 1957, c. 195. This reads in pertinent part:

"(f) After the parties thereto shall have had an opportunity to be heard, any circuit court may, * * * in its discretion, upon satisfactory proof that it would be more fair and equitable to the parties thereto if any case pending in such court were heard in another jurisdiction, change the venue to some other circuit and order the record to be transferred thereto * * *."

Under R.L.H. 1955, § 215-21 (i), an action "shall be brought" in the circuit where the defendant is domiciled, unless suit is brought where the cause of action arose. This does not rest in the "discretion" of the court. There is no occasion for "satisfactory proof that it would be more fair and equitable" if the case were heard where it should have been brought in the first place. The cases on which plaintiffs rely were decided under different statutes. For example, the statute involved in *Stocks* v. *Stocks,* 64 Nev. 431, 183 P.2d 617, provided for changing the place of trial: "When the county designated in the complaint is not the proper county." The federal statutes now contain a provision of this nature, sec. 1406(a) of the Judicial Code of 1948, 28 U.S.C. 1406(a). We have none.

Section 215-17(f) applies to a situation where there has been compliance with section 215-21(i) and the action having been brought in the right circuit nevertheless it would be more fair and equitable if the case were heard elsewhere. It does not apply to the situation we have here and there is no provision for transferring this case. That being so the action must be dismissed unless the objection to the venue was waived. *Cf., Schoen* v. *Mountain Producers Corp.,* 170 F.2d 707, 713 (3d Cir.) : 1

Moore, *Federal Practice,* § 0.146(2) (2d ed.); H.R.C.P., Rules 12(b), (h), 41(b).

The court below evidently was of the opinion that the bringing of the action in the wrong circuit was a jurisdictional defect that could not be waived. It made no finding on the question of waiver. Though we hold that the bringing of the action in the wrong circuit was ground for dismissal and the case could not be transferred to the proper circuit we do not agree with the trial court's conclusion that this was a jurisdictional defect that could not be waived.

R.L.H. 1955, § 215-21, to which paragraph (i) was added, commences:

"§ 215-21. *Limitations.* The power and jurisdiction of circuit courts and circuit judges in chambers relating to causes of a civil nature as defined in sections 215-17 and 215-18, shall be limited as follows:"

This first paragraph of section 215-21, though it employs the terminology: "The power and jurisdiction of circuit courts * * * shall be limited" does not necessarily compel the conclusion that the limitations that follow completely deprive circuit courts, other than the one designated as that in which the action shall be brought or tried, of all jurisdiction whatsoever. It is noteworthy that a case filed in the designated circuit may be transferred by that court to another circuit by consent of the parties or as otherwise provided in R.L.H. 1955, § 215-17(f). *Kalaeokekoi* v. *Wailuku Sugar Co.,* 19 Haw. 366.

Following the opening paragraph of section 215-21 there are nine paragraphs, covering a variety of subject matter. Possibly the section does not operate the same in all situations. Only paragraph (i) is involved here. It relates to transitory actions. It involves no state policy such as was involved in the divorce case of *Martello* v.

*Martello,* 19 Haw. 243. The prevailing rule is that: "An objection as to venue is matter in abatement and not in bar of the action, and it questions the jurisdiction, or right to proceed, in the particular case." (92 C.J.S., *Venue,* § 73). "The right of defendant to be sued in a particular county or district is a mere personal privilege which he may waive, where the court has general jurisdiction of the subject matter * * *." (92 C.J.S., *Venue,* § 77). "The requirement of a statute that suit shall be brought in the county in which one of the parties resides is one that may be waived." (56 Am. Jur., *Venue,* § 38). Illustrative of the prevailing rule are *Neirbo Co.* v. *Bethlehem Shipbuilding Corp.,* 308 U.S. 165, 168; *Grand Trunk Western R.R.* v. *Boyd,* 321 Mich. 693, 33 N.W.2d 120; *Howell* v. *Bethlehem-Sparrows Point Shipyard, Inc.,* 190 Md. 704, 59 A.2d 680, 682; *Paige* v. *Sinclair,* 237 Mass. 482, 130 N.E. 177; *Webb* v. *Goddard,* 46 Me. 505; *Pinnacle Motor Co.* v. *Simpson,* 216 Ky. 184, 287 S.W. 566.

The only cases cited by defendant in support of the judgment are Missouri cases holding that: "Proper venue is necessary, before the service of process will confer jurisdiction over the person of defendant" (*State* v. *Allison,* 328 S.W.2d 952 (Mo. App.)), but that rule if accepted here would not dispose of the question of waiver.

In the original statute, S.L. 1892, c. 57, the present section 215-21 was section 38 and was followed by section 39 providing that the Circuit Court of the First Circuit "shall have jurisdiction of all civil causes according to Section 36 [now section 215-17], provided, however, that all such causes as may be brought before it, which do not belong to its jurisdiction according to the requirements of Section 38, may only be in order for hearing" after posting of a bond for payment of defendant's expenses by the plaintiff. This section was repealed by S.L. 1898, c. 56, leaving a defendant's privilege to be sued in the proper

circuit complete and not subject to invasion by the giving of a bond. However, the nature of section 38, now section 215-21, R.L.H. 1955, as a protection to defendants against an inordinate litigation burden is clarified upon consideration of the original statute.

Rule 12(b) of the Hawaii Rules of Civil Procedure, adopted in 1954, distinguishes between lack of jurisdiction over the subject matter, lack of jurisdiction over the person, and improper venue. Paragraph (i), added to section 215-21 in 1957, could not have been intended to go to jurisdiction over the subject matter as it permits an action to be brought where the defendant is domiciled without regard to the place where the cause of action arose. Whether it was intended to go to jurisdiction over the person or simply to prescribe the venue it is unnecessary to decide, since in either such case the defect may be waived.

Considering the sweeping nature of paragraph (i) no policy other than protection of defendants from harrassment can be discerned. The court always has possessed power to so protect defendants (*Hee Fat* v. *Chang Chip,* 25 Haw. 623) and the statute mandates the exercise of that power. It still remains true that what is for the protection of a defendant may be waived by him.

The asserted waiver, according to plaintiffs' theory, took place during telephone conversations between plaintiffs' and defendant's attorneys after the action was brought. In these telephone conversations defendant's attorney is supposed to have said that defendant "would take some action before the week ending March 24, [1961] in the event [it] intended to question the matter of jurisdiction, venue or service." Defendant's attorney denies having made any commitment and the deputy involved testified he merely had said he would discuss it with the County Attorney. On April 3, 1961 defendant's attorney

informed plaintiffs' attorney by mail that a motion was being prepared "alleging lack of jurisdiction over the subject matter as well as over the persons * * *." According to plaintiffs' theory of the case the period fixed by the statute of limitations expired on April 3, 1961.

Under no possible view of the case could plaintiffs establish a written stipulation. On their own theory there at most was an oral stipulation, proscribed by Rule 18(a) of the Rules of the Circuit Court, First Circuit, which provides:

> "Unless made in open court, all stipulations shall be in writing, signed by the parties or their attorneys, and filed with the clerk."

Rules of this nature are for the protection of the court against the burden of determining controverted questions of fact with respect to oral agreements between counsel. *Mutual Life Ins. Co.* v. *O'Donnell,* 146 N.Y. 275, 40 N.E. 787; *Bush* v. *Baker,* 46 Mont. 535, 129 Pac. 550, 553. Nevertheless, when an oral agreement has been established by evidence (*Mutual Life Ins. Co.* v. *O'Donnell, supra; Fort Masonry Co.* v. *Hudson View Constr. Co.,* 102 Misc. 717, 169 N.Y. Supp. 578; *Oliver* v. *City of Shattuck,* 157 F.2d 150, 153 (10th Cir.)) and it has been relied upon to the prejudice of the party asserting it (*Oliver* v. *City of Shattuck, supra; Mutual Life Ins. Co.* v. *O'Donnell, supra; Greenberg* v. *Kaplan,* 277 Mich. 1, 268 N.W. 788; *Thompson* v. *Fort Worth & Rio Grande Ry.,* 31 Tex. Civ. App. 583, 73 S.W. 29; 50 Am. Jur., *Stipulations,* § 3; 83 C.J.S., *Stipulations,* § 4(b)(4), p. 7) the adverse party will not be permitted to gain an advantage by reason of the agreement not having been in writing. Plaintiffs contend that in reliance on defendant's commitment to act promptly if jurisdiction, venue or service was to be questioned, they permitted the statute of limitations to expire. A question of estoppel to apply Circuit Court Rule 18(a)

is involved. *Cf., Peoples Credit Clothing Co.* v. *Scottish Union & National Ins. Co.*, 57 Ga. App. 747, 196 S.E. 99.

It further is contended that a waiver took place in the course of the proceedings in the court below. This argument is based on plaintiffs' contention that no jurisdictional point is involved, on plaintiffs' construction of defendant's motion as narrowly limited to an objection to the jurisdiction, and on H.R.C.P., Rule 12(g), which provides that: "If a party makes a motion under this rule and does not include therein all defenses and objections then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on any of the defenses or objections so omitted, except as provided in subdivision (h) of this rule." However, on careful review of defendant's motion, we find it sufficient to present the objection to the venue.

According to the minutes of the court below, plaintiffs' attorney offered to show that the statements of fact contained in his letters were true. This was tantamount to an offer to prove that defendant assured plaintiffs that if defendant was going to question jurisdiction, venue or service it would do so on or before March 24, 1961—this version of what transpired was set out in a letter of March 30, 1961 from plaintiffs' attorney to defendant's attorney. As seen, the trial court ruled on a basis which made the factual question immaterial. Opportunity should be given both parties to adduce further evidence both as to what transpired between counsel and also as to the alleged reliance on defendant's assurances. In this connection it is noteworthy that only reasonably justified reliance will create an estoppel. *Kapiolani Estate* v. *Thurston,* 17 Haw. 312, 317, *reh'g den.,* 17 Haw. 346; *Poka* v. *Holi,* 44 Haw. 464, 472, 357 P.2d 100, 107.

Reversed and remanded for determination of the

question of waiver, in accordance with the views herein expressed.

*E. D. Crumpacker* (*Crumpacker & Sterry* of counsel) for plaintiffs-appellants.

*Toshio Kabutan,* County Attorney, County of Kauai, for defendant.

DISSENTING OPINION OF TSUKIYAMA, C. J.

The basic issue presented in this case is whether the controversy in the court below involved a question of fundamental jurisdiction of the trial court or one of mere venue.

The fact that the cause of action did arise within the territorial jurisdiction of the County of Kauai or the Fifth Circuit and that defendant is the county itself is not in dispute. R.L.H. 1955, § 215-21, provides: "The *power* and *jurisdiction* of circuit courts and circuit judges in chambers * * * shall be *limited* as follows:" (emphasis added). Subparagraph (i) of said section provides: "All civil actions other than those specified above shall be brought in the circuit where the cause of action arose or where the defendant is domiciled; * * *."

I accept the view that the first paragraph of § 215-21 above quoted does not necessarily deprive the circuit courts, other than the one designated as that in which the action shall be brought or tried, of all jurisdiction whatsoever with reference to the enumerated limitations. However, I do not concur in the purported deduction made in the court's opinion from § 215-17(f).

It is all too perspicuous that § 215-17(f) deals with the subject of venue and not of jurisdiction in the first instance. As amended by Act 195, S.L.H. 1957, said subsection authorizes a circuit court under certain prescribed circumstances to transfer a case "pending in such court"

to another circuit. The statute, in my opinion, presupposes that the case to be so transferred is pending in the court by virtue of that court's original power and jurisdiction over the case. Absent such power and jurisdiction, it follows that the court is precluded not only from proceeding on the merits but from effectively entering an order transferring the case to another circuit.

If the bringing of a tort action in the wrong circuit court is ground for dismissal, as indicated by the majority, such result stems from the circuit court's lack of power and jurisdiction. I am persuaded by the observation that the language of § 215-21 aforesaid which limits the power and jurisdiction of the circuit courts is clear and free from ambiguity and that such clarity, which reflects the intent of the legislative branch, should not be roiled by injecting extraneous elements or construction. *Pub. Util. Com'n* v. *Narimatsu,* 41 Haw. 398; *Yoshizawa* v. *Hewitt,* 31 Haw. 625; *Territory* v. *Coe,* 37 Haw. 601. When a statute expressly limits the power and jurisdiction of a court and no language appears therein susceptible of the construction that modifications or exceptions may be permitted, no stipulation, consent or waiver of or by the parties can generate a power or jurisdiction which is statutorily nonexistent.

I therefore respectfully dissent.